PER CURIAM.
Appellant Matlock was charged with assaulting a police officer with intent to commit murder and was jointly tried with others who were charged with lesser degrees of felonious assault. The charges all arose out of a fracas with two Tarpon Springs police officers. Matlock appeals from a judgment and sentence imposed after a jury finding of guilt as to him of assault with intent to commit murder in the second degree.
At first blush this case gave us pause, especially because of the able arguments and brief of counsel for appellant. The points raised are that the state improperly injected the issue of likely narcotic involvement by appellant, thus improperly attacking the character of appellant which had not been put in evidence, and, secondly, that the prosecuting attorney improperly, though indirectly, alluded to the failure of appellant to take the stand and testify. Upon a meticulous reading of the entire record, however, we have concluded that the issue of narcotic involvement was injected into the case within the scope of proper cross-examination of a defense witness and tended both to corroborate animosity, thus motive for the assault, by confirming prior difficulties involving narcotics which one of the defendants had with one of the officers assaulted, and to show possible bias or prejudice on the part of the witness who also had a prior unhappy experience with that officer on the same occasion. At the same time, such testimony tended to rebut a principal defense theory that the officers were the aggressors in the fracas because of their animosity toward today’s r youth in general, and to one or more of the co-defendants in particular, by showing that it was really the other way around. In this regard the case differs from the recent decision of our sister court in the Fourth District in Machara v. State[1] relied upon by appellant.
As to . the alleged improper comments of the prosecution in summation, we have concluded that while perhaps they could have been more carefully worded they did not constitute a sufficient direct or indirect allusion to the failure of appellant to testify as to constitute prejudicial error.
Suffice it to say, that while perhaps appellant did not have a perfect trial, to which he is indeed not entitled, he had an extremely fair one. He can neither expect nor demand more.
Accordingly, the judgment and sentence appealed from should be, and they are, hereby affirmed.
LILES, A. C. J., and McNULTY and BOARDMAN, JJ., concur.

. (Fla.App.1973), 272 So.2d 870.