315 So.2d 230 (1975)
Charles R. POST, Appellant,
v.
STATE of Florida, Appellee.
No. 74-341.
District Court of Appeal of Florida, Second District.
July 9, 1975.
*231 John Duffy, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Charles R. Post, was charged with the crime of robbery on August 1, 1973. He had been charged previously with the commission of two other similar crimes. While appellant was awaiting trial for the instant charge, he was tried by jury and acquitted of both previous charges. Subsequently, on February 27, 1974, appellant was tried by jury, convicted and sentenced on the robbery offense now before us. Appellant was sentenced to life imprisonment and given credit for time he served awaiting trial. He timely appeals the judgment and sentence.
Appellant, through his counsel, has raised five points on appeal. His first point, a meritorious one, is whether he was fundamentally prejudiced and, therefore, denied his constitutionally guaranteed right of fair trial because the assistant state attorney handling the case, in his opening statement to the jury, attacked appellant's character. Whether this was done by the prosecutor as a trial manuever, an inadvertence, or for other reasons, it constitutes reversible error. The case law on this point is legion, i.e., the state cannot put the accused's character in evidence unless and until the defendant places his good character in issue, either by the testimony of his witnesses, or by his testimony should he take the witness stand and testify in his own behalf. See Andrews v. State, Fla. App. 1st, 1965, 172 So.2d 505; 13 Fla.Jur. 156, and 23A C.J.S. Criminal Law § 1085, page 106. The same rule applies to statements made by the prosecutor in his opening statement. In Government of the Virgin Islands v. Oliver, 3rd Cir.1966, 360 F.2d 297, the court held:
The rule stated applies to statements made by the prosecutor in his address to the jury as well as to testimony as to the commission of prior offenses. Hall v. United States, 150 U.S. 76, 81, 82, 14 S.Ct. 22, 37 L.Ed. 1003 (1893); United States v. Laudani, 134 F.2d 847, 852 (3 *232 Cir.1943), rev'd on other grounds, 320 U.S. 543, 548, 64 S.Ct. 315, 88 L.Ed. 300. (360 F.2d 297, page 299).
The objected to portion of the state's opening statement follows:
[PROSECUTING ATTORNEY]: ... .
* * * * * *
... The evidence is going to show you that this defendant has a criminal record from the past. He is not new to crime. As part of the routine investigation, because he's been convicted of robbery in the past.

And now I would submit to the jury that the best indication of future conduct is past conduct, and the evidence will show you in this case that this defendant has had a chance, and he has had a chance to live a normal life in society, to take his place, to make up for his past wrongdoings, and that he has not been able to live within the law, and that here he is again today in front of this jury.
[DEFENSE ATTORNEY]: Your Honor, I object to this line of talk. It is argument. It is not an outline of the case. This is an argument to the jury. This is unfair to us to have this come out at this time.
[PROSECUTING ATTORNEY]: I am simply telling them what the evidence will show, your Honor.
THE COURT: Proceed, Mr. Blackwood.
[PROSECUTING ATTORNEY]: Thank you. (Bracketed portions supplied; emphasis supplied).
As noted above, the trial judge did not sustain defense counsel's objection and admonish the jury of the impropriety of the state's remarks. We have serious doubt whether any corrective measure taken by the trial judge would have erased the complained of error. The die was cast  the damage was done.
Under the circumstances, appellant was denied a fair and impartial trial. The fact that appellant took the witness stand and testified in his own behalf, admitting the prior conviction, does not render the error harmless. The mere fact that appellant testified could very well have been a trial tactic on the part of his counsel in view of the manner in which the state presented its case  his client's trial was tainted from its very beginning.
In view of our decision on Point One, it would not be necessary for us to decide appellant's other points.
Inasmuch as the case may be retried, we point out that we have serious reservations as to the admissibility of the "Mug Shots" which appellant attacks in Point Two. The "Mug Shots" seemed only to bolster the inflammatory remarks made by the prosecutor in his opening statement and to show that the appellant had a bad record. The appellant did not suggest that the line-up was improper. The ostensible purpose for the introduction of the photographs into evidence was to corroborate the testimony of the police officer and the victim who had testified that he identified the appellant in a photograph of the line-up and from two "Mug Shots" of the appellant. Appellant did not suggest that the photographic line-up identification was improper. The photographs compounded the state's attack on the character of the appellant, which we held to be reversible error in deciding appellant's Point One, or, alternatively, of themselves constituted an attack on character as they may tend to portray appellant as having a prior record.
We have considered the other points raised by appellant and find that they do not constitute reversible error.
Reversed and remanded for new trial.
McNULTY, C.J., and HOBSON, J., concur.