508 So.2d 504 (1987)
James WISINSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0964.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
*505 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Diane E. Leeds, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's conviction and reject all three claims of error asserted on appeal. We discuss only one issue: that the trial court erred in refusing to permit a witness to testify as to appellant's reputation for truth and veracity.
Seymour Haspell was called as a witness for appellant. He owned the Meineke Discount Muffler Shop near where appellant lived. He knew appellant approximately one year before appellant's arrest. When appellant's attorney attempted to question Mr. Haspell as to appellant's reputation for truth and veracity in the community, the prosecution objected. Mr. Haspell stated that his impression was based on three or four people who worked with appellant or for Mr. Haspell. The trial court then sustained the prosecutor's objection and refused to admit Haspell's testimony.
Appellee argues that this was not error. In support of that position it relies on Parker v. State, 458 So.2d 750 (Fla. 1984), and Fike v. State, 455 So.2d 628 (Fla. 5th DCA 1984). In Fike, the appellant contended it was error not to admit the reputation evidence of the state's principal witness. The Fifth District affirmed, stating:
The testimony was to the effect that Bodner's reputation in the "legal community" was questionable. However, the "legal community" apparently consisted of criminal defense attorneys, rather than the bar as a whole. As the court pointed out in Florida East Coast Railway Co. v. Hunt, 322 So.2d 68 (Fla. 3d DCA 1975), cert. den., 336 So.2d 600 (Fla. 1976), the rule regarding use of reputation evidence from one's working community should not be applied so as to confine the testimony to particular employees. Rather, the evidence must retain the quality of being "general." See 29 Am.Jur.2d Evidence § 347 (1967). Here, the community was too narrow and thus the exclusion of the reputation testimony was proper.

Id. at 629. (Emphasis supplied.) Parker is not dispositive, finding that the criminal justice system was neither neutral enough nor generalized enough to be classed as a community. The court went on to hold that, therefore, a police officer could not testify as to the defendant's (who had had numerous encounters with the police) reputation for veracity.
Appellant relies largely on a quote from Ehrhardt, Florida Evidence, (2d Ed. 1984) § 405.1:
The reputation does not have to be a matter of discussion in the community, since the lack of comment about a person may be the best evidence of a good reputation. For evidence concerning a person's reputation to be admissible, it is not necessary to have the witness testify he had heard people discussing the character involved, but he must lay the foundation that he knows the person's reputation for the trait involved.
(Footnotes omitted.) See also Eubanks v. State, 179 So.2d 256 (Fla. 1st DCA 1965) (fact that witnesses who had known defendant for many years testified their opinion of defendant's character was based primarily on the fact they had never heard anything bad about him did not render evidence inadmissible). While the above passage from Erhardt would seem to support appellant's position, the same section goes on to state:
Thus, there has been a legislative recognition of the reliability of a person's reputation in the neighborhood where the person resides or is employed. It appears that reputation testimony from the *506 place of employment is appropriate without any predicate showing of "unavailability." The reputation must be based on discussions among a broad group of people so that it accurately reflects the person's character, rather than the biased opinions or comments of two or three persons.

(Emphasis supplied; footnote omitted.)
In the present case, the reputation testimony was based on three or four people who worked with appellant or for Mr. Haspell. Given the small number of people, the limited cross-section, and the relatively short period of time Haspell had known appellant, we do not believe the trial judge abused his discretion in refusing to admit the testimony. See generally Muehleman v. State, 503 So.2d 310, 315 (Fla. 1987) (trial court is afforded broad discretion in ruling on the admissibility of evidence and its ruling will not be disturbed absent a clear showing of an abuse of discretion).
ANSTEAD, DELL and GUNTHER, JJ., concur.