559 So.2d 748 (1990)
Andre GONZALEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2431.
District Court of Appeal of Florida, Third District.
April 24, 1990.
Bennett H. Brummer, Public Defender, and Henry H. Harnage and Robert Kalter, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Fariba N. Komeily, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.

ON REHEARING
PER CURIAM.
This is an appeal by the defendant Andre Gonzalez from a judgment of conviction and sentence for manslaughter with a firearm and unlawful possession of a firearm during the commission of a felony. We reverse for a new trial based on a holding that the trial court committed reversible error (1) in allowing the state to cross examine the defendant concerning his prior public school record, which showed he was expelled from high school and placed in a "last chance" alternative public school for problem children from which he was later suspended for carrying a concealed weapon, and (2) in admitting in evidence certain public school records of the defendant establishing his suspension from the "last chance" alternative public school for carrying a concealed weapon. Plainly, this evidence of prior bad acts of the defendant constituted an impermissible attack on the defendant's character and was therefore inadmissible in evidence; contrary to the state's argument, this error was not invited by the defendant's trial testimony and was not otherwise proper rebuttal evidence. Pate v. State, 529 So.2d 328, 329 (Fla. 2d DCA), rev. denied, 536 So.2d 245 (Fla. 1988); Kruse v. State, 483 So.2d 1383, 1388 (Fla. 4th DCA 1986); Hodges v. State, 403 So.2d 1375, 1377 (Fla. 5th DCA 1981), rev. denied, 413 So.2d 877 (Fla. 1982); § 90.404(2), Fla. Stat. (1987). Moreover, we are persuaded that the error in permitting a broad-based attack on the defendant's character was enormously prejudicial to the defendant and effectively undermined his claim of self-defense in the case; it was therefore a reversible error. State v. Lee, 531 So.2d 133 (Fla. 1988); Bricker v. State, 462 So.2d 556, 559 (Fla. 3d DCA 1985).
Beyond that, the defendant's remaining points on appeal do not present reversible error. Moreover, the conceded Carawan error in convicting and sentencing the defendant for unlawful possession of a firearm, Hall v. State, 517 So.2d 678 (Fla. 1988); Carawan v. State, 515 So.2d 161 (Fla. 1987); Tundidor v. State, 541 So.2d 165 (Fla. 3d DCA 1989), becomes moot in *749 view of our reversal for a new trial on both the manslaughter and firearm possession charges. The final judgments of conviction and sentences under review are reversed and the cause is remanded to the trial court for a new trial.
Reversed and remanded.