PER CURIAM.
Derral Wynn appeals his convictions for petit theft, battery, and resisting arrest with violence. We reverse the conviction for petit theft because the trial court failed to instruct the jury on the defendant’s good-faith belief that he owned the property. The convictions for battery and resisting arrest are also reversed because the record suggests that the jury verdict on those counts may have been influenced by incompetent and prejudicial evidence. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We held in Thomas v. State, 526 So.2d 183 (Fla. 3d DCA), rev. denied, 536 So.2d 245 (Fla.1988), that where there is ample evidence that a defendant charged with robbery believed in good faith that the property belonged to him, the failure to instruct on that lawful defense constitutes reversible error. The facts of this case warranted a good-faith instruction to the charge of robbery and theft as a lesser included offense. See also Howard v. State, 561 So.2d 1362 (Fla. 3d DCA 1990).
The second point on appeal challenges the prosecutor’s elicitation of testimony as to the defendant’s juvenile bad acts. The State concedes that the bad-act testimony was error, but argues that the error was harmless. We disagree.
The credibility of the defendant’s description of his school-yard struggle with the police was made an issue at trial. Der-ral testified that after his encounter with school authorities, he was immediately placed in a bear hug by a school security guard. The resource police officer assigned to the high school then grabbed Derral and put him in a choke hold. Derral said that as a result of the choke hold he was unable to breathe. Moreover, Derral, who is hearing impaired, testified that the officer’s actions caused his hearing aid to fall out, rendering him totally deaf. While in the officer’s grasp, Derral bent forward, causing the police officer to flip over his back into metal lockers. Derral was then subdued, handcuffed, and placed in a police vehicle. He testified that he was then kicked and struck over the head with a police radio several times. Two witnesses, a school bus driver and another student, testified in support of Derral’s version of the events, stating that they observed the choke hold and the beating. The police explanation of the defendant’s head wounds was that they were self-inflicted.
The prosecution’s impermissible attack on Derral’s character undermined the credibility of his testimony that the resistance he put up was a reasonable self-defense reaction to the initial use of excessive police force. The error prejudiced the defendant’s self-defense claim, as was obviously intended, to both the charge of battery and resisting arrest with violence. Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985) (individual may defend himself against excessive force even when being arrested), rev. denied, 482 So.2d 345 (Fla.1986). The error was reversible. Gonzalez v. State, 559 So.2d 748 (Fla. 3d DCA 1990) (improper attack on defendant’s character which undermined claim of self-defense was reversible error).
Accordingly, we reverse the convictions and sentences and remand for a new trial.