581 So.2d 926 (1991)
Joyce Lemay COHEN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2890.
District Court of Appeal of Florida, Third District.
June 11, 1991.
Rehearing Denied August 1, 1991.
*927 Weiner, Robbins, Tunkey, Ross, Amsel & Raben, and Benjamin S. Waxman, and William R. Tunkey, and Alan S. Ross, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Paul Mendelson, Sp. Asst. Atty. Gen., for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, Joyce Lemay Cohen, appeals her convictions and sentences for first degree murder, conspiracy to commit murder, and possession of a firearm during the commission of a felony. We affirm.
Appellant was convicted of the murder of her husband. Appellant contends that the trial court erred: (1) by excluding evidence of polygraph examinations; (2) by excluding evidence of a third party's culpability in the murder; (3) by failing to have Richardson hearings after state expert witnesses changed their pretrial opinions; and (4) by admitting evidence of appellant's drug abuse.
We find no merit in appellant's contention that polygraph results should have been admitted because the results of polygraph examinations are generally inadmissible unless by stipulation of both parties. Davis v. State, 520 So.2d 572 (Fla. 1988); Delap v. State, 440 So.2d 1242 (Fla. 1983), cert. denied, 467 U.S. 1264, 104 S.Ct. 3559, 82 L.Ed.2d 860 (1984). There was no such stipulation in this case, and the polygraph results were properly excluded.
Appellant sought to raise a "somebody else did it" defense by presenting evidence that the victim met with a known drug dealer some days before the murder. However, that third party's possible culpability in the murder was properly excluded because there is insufficient evidence on the record to support its relevancy. See Rivera v. State, 561 So.2d 536 (Fla. 1990); Wasko v. State, 505 So.2d 1314 (Fla. 1987); Blanco v. State, 452 So.2d 520 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982).
After the trial had begun, the State's medical examiner reassessed his *928 opinion as to the time of death. When the State provided appellant with the revised opinion, appellant alleged discovery violations. The trial court conducted a lengthy inquiry into the alleged discovery violations and therefore satisfied the requirements of Richardson v. State, 246 So.2d 771 (Fla. 1971). See State v. Hall, 509 So.2d 1093 (Fla. 1987); State v. Lewis, 543 So.2d 760 (Fla. 2d DCA), rev. denied, 549 So.2d 1014 (Fla. 1989); Smith v. State, 499 So.2d 912 (Fla. 1st DCA 1986); Johnson v. State, 461 So.2d 1385 (Fla. 1st DCA), rev. denied, 472 So.2d 1181 (Fla. 1984); Baker v. State, 438 So.2d 905 (Fla. 2d DCA 1983), rev. denied, 447 So.2d 885 (Fla. 1984).
When the State discloses evidence to the defendant after a trial has started, the focus of inquiry is on procedural prejudice. Thompson v. State, 565 So.2d 1311 (Fla. 1990), Ross v. State, 474 So.2d 1170 (Fla. 1985); Zeigler v. State, 402 So.2d 365 (Fla. 1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982); Torres v. State, 474 So.2d 335 (Fla. 3d DCA 1985).
Further, the trial court took sufficient curative measures to remedy any claims of prejudice by allowing appellant to conduct additional depositions, and granting continuances to secure additional defense experts. Thompson v. State, 565 So.2d 1311 (Fla. 1990); State v. Lewis, 543 So.2d 760 (Fla. 2d DCA), rev. denied, 549 So.2d 1014 (Fla. 1989), Ross v. State, 474 So.2d 1170 (Fla. 1985), Richardson v. State, 246 So.2d 771 (Fla. 1971).
We finally find no merit in appellant's contention that her drug use was improperly admitted. A defendant's drug activity is admissible to show motive. Jackson v. State, 522 So.2d 802 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988); Wells v. State, 492 So.2d 712 (Fla. 1st DCA), rev. denied, 501 So.2d 1283 (Fla. 1986); Maugeri v. State, 460 So.2d 975 (Fla. 3d DCA 1984); Warren v. State, 443 So.2d 381 (Fla. 1st DCA 1983); Matlock v. State, 284 So.2d 489 (Fla. 2d DCA 1973), cert. denied, 293 So.2d 715 (Fla. 1974).
While evidence of motive is not necessary in order to obtain a conviction, it is admissible when it is available and would help the jury understand the other evidence presented, even though it reveals the commission of crimes not charged. Craig v. State, 510 So.2d 857 (Fla. 1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 732, 98 L.Ed.2d 680 (1988).
Accordingly, we find no error, and affirm.