PER CURIAM. .
This is an appeal by the defendant Clayton Cruz from final judgments of conviction and sentences for (1) armed trespass, [§ 810.08(2)(c), Fla.Stat. (1989)], (2) armed false imprisonment [§§ 787.02(2), 775.-087(l)(c), Fla.Stat. (1989)], (3) aggravated assault [§ 784.021, Fla.Stat. (1989) ], (4) discharge of a firearm in public [§ 790.15(1), Fla.Stat. (1989)], and (5) possession of a firearm during the commission of a felony [§ 790.07(2), Fla.Stat. (1989)]. We affirm in part and reverse in part.
First, we are unpersuaded that the trial court committed reversible error, as urged, in permitting the state to elicit on cross examination of a defense alibi witness that the witness had filed a written unspecified “report” with prosecution authorities against the defendant and then later untruthfully retracted it because the witness did not want to get the defendant in trouble. This evidence was admissible to establish the bias of the witness in favor of the defendant and to impeach the witness’ testimony, also elicited on cross examination, that the witness “would not lie” to help the defendant and had never lied in the past to protect the defendant. See, e.g., Strickland v. State, 498 So.2d 1350, 1352 (Fla. 1st DCA 1986); Hair v. State, 428 So.2d 760 (Fla. 3d DCA 1983); Sias v. State, 416 So.2d 1213, 1218 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla.1982); § 90.608(1H2), Fla.Stat. (1989). Moreover, the trial court carefully excluded any evidence concerning the details of the “report” and consequently the complained-of admitted evidence was not, as urged, an improper attack on the defendant’s character — especially in view of its clear admissibility in attacking the above witness’ credibility. Randolph v. State, 463 So.2d 186, 189 (Fla.1984), cert. denied, 473 U.S. 907, 105 S.Ct. 3533, 87 L.Ed.2d 656 (1985); Matlock v. State, 284 So.2d 489 (Fla.2d DCA 1973), cert. denied, 293 So.2d 715 (Fla.1974); see § 90.104(2), Fla.Stat. (1989).
Second, the state concedes, and we agree, that the defendant’s conviction for possession of a firearm during the commission of a felony cannot stand. Based on *314 the controlling authority of Cleveland v. State, 587 So.2d 1145 (Fla.1991), we conclude that when, as here, a trespass conviction is enhanced to a third-degree felony because of the use of a firearm in committing the trespass, the single act involving use of the same firearm in the commission of the same trespass cannot form the basis of a separate conviction and sentence for the use of a firearm while committing a felony under Section 790.07(2), Florida Statutes (1989).
The judgment of conviction and sentence for possession of a firearm during the commission of a felony is reversed and the defendant is discharged from this conviction. The remaining judgments of conviction and sentences under review are affirmed.
Affirmed in part; reversed in part.