596 So.2d 786 (1992)
Freddie Lee SMART, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-297.
District Court of Appeal of Florida, Third District.
April 7, 1992.
*787 Bennett A. Brummer, Public Defender, and Peggy Fisher, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendant, Freddie Lee Smart, appeals from his conviction for resisting arrest without violence. We reverse the defendant's conviction and remand for a new trial.
The defendant contends that the trial court erred in (a) permitting the prosecutor to argue, over objections, that the arresting officer has had contacts with the defendant in the past, and (b) allowing the arresting officer to testify, over objections, that he has had numerous contacts with the defendant in the past. We agree.
First, the statements by the prosecutor and the arresting officer's testimony regarding the defendant's past contacts with the arresting officer, were solely relevant to establish the defendant's bad character, and were therefore inadmissible. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); State v. Lee, 531 So.2d 133 (Fla. 1988); Gonzalez v. State, 559 So.2d 748 (Fla. 3d DCA 1990); Harris v. State, 427 So.2d 234 (Fla. 3d DCA 1983). Second, under the facts of this case, the defense counsel's failure to request a curative instruction was not fatal. The record demonstrates that at one point the defense counsel attempted to make a motion, but the trial court denied the motion without giving the defense counsel an opportunity to state the motion for the record. Additionally, when taking into consideration that throughout the defendant's trial, which lasted less than two and one half hours, there were approximately eighteen statements made by the prosecutor and the arresting officer, which clearly implied that the defendant had either been arrested before or that the arresting officer has had numerous contacts with the defendant in the past, we find that a curative instruction would not have been sufficient to dissipate the prejudicial effects of this error. Post v. State, 315 So.2d 230, (Fla. 2d DCA 1975). As stated in Post, "[t]he die was cast  the damage was done." Post, 315 So.2d at 232. Third, we do not find that the complained of error was harmless. See DiGuilio v. State, 491 So.2d 1129 (Fla. 1986).
Accordingly, the defendant's conviction is reversed and this cause is remanded for a new trial.