604 So.2d 1275 (1992)
STATE of Florida, Petitioner,
v.
Jorge AYALA, Respondent.
No. 92-2272.
District Court of Appeal of Florida, Fourth District.
September 9, 1992.
*1276 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for petitioner.
No appearance for respondent.
PER CURIAM.
The state seeks our review of an order excluding state's evidence of the alleged murder of another person to show respondent's guilt for the murder of the victim in this case. The issue was first presented to the predecessor judge in January 1992, who determined that at that time the evidence was inadmissible but that the state could raise the issue again if it had new or additional information.
It is suggested that the state's attempted review is untimely, that certiorari should have been sought in January, not in July. We disagree. The entirely tentative nature of the trial judge's ruling left open the possibility that the state could yet persuade the trial judge to allow this "other crimes"[1] evidence. The mere fact, standing alone, that the state has the right to seek immediate review of pretrial orders excluding similar crimes evidence does not necessarily yield the conclusion that the state must do so at the moment of the trial court's first expression on the subject, or forever lose it.
Nor does the thirty day time limitation set forth in rule 9.100(c) mean that this attempted review is untimely. The rule requires that the petition be filed within thirty days of "rendition of the order to be reviewed." Here the state seeks review of the July 6, 1992, order that effectually denied admission of the evidence in light of the new and additional facts the state lately asserted. As this petition was filed on July 31, 1992, it plainly was timely.
On the merits, we are unable to say that the decision is clearly in error. Whether to admit other crimes evidence is up to the discretion of the trial judge. The state has not pointed to any evidence in the *1277 record that establishes unquestionably that the proposed evidence would have to be admitted as a matter of law. In fact, it is a close call. The state has not made it clearly appear on this petition for common law certiorari that the trial judge had only one course left open to him.
CERTIORARI DENIED.
LETTS, DELL and FARMER, JJ., concur.
NOTES
[1] See § 90.404(2), Fla. Stat. (1991).