657 So.2d 1227 (1995)
James TRAINA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2331.
District Court of Appeal of Florida, Fourth District.
July 5, 1995.
*1228 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
AMY STEELE DONNER, Associate Judge.
Appellant, James Traina, appeals the judgment and sentence rendered by the Circuit Court of Broward County, adjudicating him guilty of first degree murder, armed burglary and armed robbery. At trial, twenty-one witnesses testified for the state, and twenty-five witnesses testified for the defense.
The state's chief witness at trial was Charles Eisenbeis. Eisenbeis testified that he, Appellant, and Kerry Carbonell became acquainted in 1986 and attempted to buy drugs together on October 12, 1986. Eisenbeis testified that he drove both Appellant and Carbonell to the victim, Joseph Viscido's apartment. While Eisenbeis waited in the vehicle, Appellant and Carbonell went into the apartment. Shortly thereafter, Eisenbeis heard two gunshots and saw two people run away from the premises. Appellant and Carbonell returned to the vehicle, and Eisenbeis states that while Carbonell was holding a handgun that resembled an Uzi machine gun, Appellant was carrying a paper bag with cocaine inside of it. After reentering the vehicle, Carbonell told Eisenbeis that he had gotten into a fight with a man inside and that Appellant had shot the man. Shortly thereafter, Eisenbeis and his family moved back to New Jersey.
Traina's first issue on appeal is that the trial court erred in excluding certain reverse Williams rule testimony. Through proffered testimony, Traina attempted to establish that another person, namely Peter Roussonicolos, had instigated "rip offs" of drug dealers prior to and shortly after the murder of Viscido. Appellant alleged that two incidents in which Roussonicolos was involved were sufficiently similar to the instant case; therefore the trial court should have allowed evidence regarding the incidents to be admitted during trial.
The test for admissibility of reverse Williams rule evidence is relevancy. In State v. Savino, 567 So.2d 892 (Fla. 1990), the Supreme Court of Florida stressed the importance of relevancy and further stated:

*1229 When the purported relevancy of past crimes is to identify the perpetrator of the crime being tried, we have required a close similarity of facts, a unique or "fingerprint" type of information, for the evidence to be relevant. (Citations omitted). If a defendant's purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense.
Id. at 894. In addition, a trial court is given broad discretion when making a determination as to whether to admit or exclude evidence, and that decision will not be overturned absent a showing of an abuse or discretion. Rivera v. State, 561 So.2d 536, 540 (Fla. 1990); State v. Ayala, 604 So.2d 1275, 1276 (Fla. 4th DCA 1992).
In the instant case, the trial court listened to the proffered evidence and found the facts of the three separate incidents not to be similar enough to warrant admission into evidence. Specifically, it found that entries into the apartments were different, the persons involved varied, and the actual conduct within the apartments during the crimes varied. We conclude that even though some facts of the instant case may have been similar to the other cases, the facts were not so similar that the trial court necessarily abused its discretion in finding that the type of "fingerprint evidence" necessary to admit similar facts into evidence was lacking in this case.
Traina next argues that the trial court erred in failing to permit the introduction of evidence concerning the biases of various state witnesses. He alleges that he should have been permitted to introduce testimony from various witnesses which would have further implicated Roussonicolos in the events leading to Viscido's murder. We disagree. The trial court heard the proffered evidence and correctly found that this testimony was the same evidence that was excluded as inadmissible reverse Williams rule evidence. Further, the trial court correctly found that much of the evidence proffered was inadmissible hearsay and not relevant to this case.
The third and final issue presented on appeal is whether the trial court erred in denying Traina's motion for mistrial based upon an improper comment made by the state during its opening statement. During opening statement, the state attorney commented that Traina and a co-defendant "were no strangers to the drug scene." Appellant correctly argues that this was an inappropriate comment in that the state placed Appellant's character in issue.
An accused's character cannot be placed into evidence unless and until the defendant places his good character in issue. See Post v. State, 315 So.2d 230 (Fla. 2d DCA 1975). However, it has been held that "the extent of possible prejudice arising from an improper comment must be evaluated in the context of the surrounding circumstances." McCall v. State, 463 So.2d 425 (Fla. 3d DCA 1985). Because a mistrial should be granted with great caution and is only appropriate when error is so prejudicial as to vitiate the entire trial, a trial court's denial of a mistrial should not be reversed unless it is shown that the court abused its discretion. See Duest v. State, 462 So.2d 446, 449 (Fla. 1985); Salvatore v. State, 366 So.2d 745, 750 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979).
After reviewing the state attorney's opening statement leading up to the inappropriate comment, and in light of the evidence presented at trial, though the trial court should have sustained Appellant's objection to the statement, we find that the isolated comment was not so egregious as to vitiate Appellant's entire trial.
Accordingly, we affirm the judgment and sentence rendered by the trial court.
STONE and POLEN, JJ., concur.