STONE, Chief Judge.
We affirm Appellant’s convictions and sentences for murder and robbery with a deadly weapon. It was not an abuse of discretion for the trial court to exclude the testimony of a defense witness.
*978 The incidents giving rise to these charges occurred in 1994, when several masked gunmen entered Michelle Brownlee’s home and fired multiple shots, killing the victim, James Black. The people inside the home were helping the victim “cook” cocaine. The state produced several witnesses to establish that Appellant was the gunman who fired the fatal shot, and who also organized this murder and robbery.
After the state rested, the defense proffered a proposed witness who testified that Black, who sold drugs for a living, had a confrontation with a man named William Johnson in Gainesville a month earlier. At that time, Johnson allegedly followed Black all the way back to Pompano Beach, occasionally trying to run him off the road. Johnson accused Black of shooting up his house. Johnson then told the witness that Black would “pay” or “could die, too” as a result of the shooting incident. The witness relayed Johnson’s message to Black, who two days later told the witness that he and Johnson had settled things. After the murder, Johnson also asked the witness about the progress of the police investigation.
Defense counsel argued that the witness’ proffered testimony should be admissible to suggest that Johnson, rather than Appellant, participated in the death of Black. The trial court sustained the state’s objection, ruling that it was not relevant and that there is no evidence suggesting a nexus between the earlier conflict between Johnson and Black and the subsequent robbery and murder.
Although a criminal defendant is allowed to assert innocence by proof of another’s guilt for the crime charged, the supreme court has repeatedly refused to admit “reverse Williams rule” evidence concerning the possible guilt of an uncharged person where such evidence is speculative, remote, or unsupported. See Blanco v. State, 452 So.2d 520 (Fla.1984). See also Wasko v. State, 505 So.2d 1314 (Fla.1987); Traina v. State, 657 So.2d 1227 (Fla. 4th DCA 1995); Cohen v. State, 581 So.2d 926 (Fla. 3d DCA 1991). In Traína, the defendant appealed his murder conviction, alleging that the court erred by refusing to admit reyerse Williams rule evidence that another person had instigated ripoffs of drug dealers prior to and shortly after the murder of one of the dealers. This court recognized that the test for admissibility of reverse Williams rule evidence is relevancy, and quoted language from a supreme court opinion:
When the purported relevancy of past crimes is to identify the perpetrator of the crime being tried, we have required a close similarity of facts, a unique or “fingerprint” type of information, for the evidence to be relevant. If a defendant’s purpose is to shift suspicion from himself to another person, evidence of past criminal conduct of that other person should be of such nature that it would be admissible if that person were on trial for the present offense.
Id., 657 So.2d at 1229 (citations omitted) (quoting State v. Savino, 567 So.2d 892, 894 (Fla.1990)). This court concluded that the proffered evidence of the three separate incidents was not similar enough to require admission into evidence.
In the instant case, Defendant presented absolutely no evidence placing William Johnson in town on the night in question. The altercation between the victim and Johnson occurred four to six weeks before the murder, and the two events were vastly dissimilar. Furthermore, according to the witness’ testimony, Black and Johnson reconciled shortly after the earlier incident. We also note that the evidence against Appellant was overwhelming. One witness testified that he attended the meeting where Appellant proposed a plan to rob the victim. The witness then testified that he later drove Appellant to the victim’s house the night of the murder to carry out the robbery. When Appellant and a friend returned to the witness’ car, they had money and crack cocaine. The witness testified that Appellant and his accomplice used a .380 and a .45 caliber gun, which matched the caliber of bullets removed from the victim’s body. Two other witnesses also testified for the state which corroborated this witness’ testimony.
The trial judge found that there was absolutely no evidence to tie Black and Johnson’s disagreement to the murder, and that the admission of the witness’ proffered testimony *979 would serve only to confuse the issues. Such a ruling is within the sound discretion of the trial judge.
KLEIN and GROSS, JJ., concur.