GODERICH, Judge.
The defendant, Jose G. Williams, appeals his convictions for burglary of an unoccupied structure, resisting an officer without violence, and petit theft. We reverse and remand for a new trial.
On August 8, 1996, at approximately 2:14 a.m., Officer David A. Williams, Jr., was driving home in his police cruiser when he noticed a man, later identified as the defendant, walking away from a closed business carrying several cases of Coca-Cola cans. Officer Williams turned his car around and headed toward the business. He then noticed that the suspect had put down the cans and was walking away. Officer Williams gestured for the man to approach, but he fled from the area and Officer Williams and other police officers gave chase. The pursuit was unsuccessful, but, during the chase, Officer Williams, who grew up in the area, got close *1153 enough to observe the suspect whom he recognized as the defendant.
Three months later, in November 1996, Officer Williams heard on the radio that there was a subject in custody for a burglary in the same area where the Coca-Cola incident took place. He drove to where the defendant was being detained, identified the defendant as the suspect he had seen on August 8,1996, carrying the Coca-Cola cans, and arrested him. The defendant was charged with burglary of an unoccupied structure, resisting an officer without' violence, and petit theft for the Coca-Cola incident.
During the trial, the State called only two witnesses, Officer Williams and the owner of the business. The two witnesses’ trial testimony covers only 50 pages of the transcript. During direct examination, the prosecutor questioned Officer Williams as to his subsequent contact with the defendant which resulted in the defendant’s arrest. Officer Williams testified that he arrested the defendant while the defendant was being detained by other police officers for a burglary in the same area where the Coca-Cola incident took place. The record demonstrates that although defense counsel’s numerous objections to Officer Williams’ testimony were sustained, the prosecutor continued to pursue this line of questioning. Further, after the trial court sustained each of defense counsel’s objections, defense counsel would then state “I have a motion.” On each occasion, the trial court denied the motion without giving defense counsel an opportunity to elaborate as to the motion she was seeking or the grounds on which she was basing the motion.
The jury found the defendant guilty as charged, and he was sentenced. This appeal followed.
The defendant contends that the trial court abused its discretion by denying his repeated motions for mistrial where the State introduced testimony that he had been arrested for an uncharged burglary. In response, the State contends that the issue was not properly preserved for appellate review, and, even if it was preserved, the trial court properly denied the motion for mistrial because the defendant received a fair trial. We agree with the position taken by the defendant.
The present ease is controlled by this Court’s decision in Smart v. State, 596 So.2d 786 (Fla. 3d DCA 1992), which is factually similar. In reversing and remanding for a new trial, this Court held:
First, the statements by the prosecutor and the arresting officer’s testimony regarding the defendant’s past contacts with the arresting officer, were solely relevant to establish the defendant’s bad character, and were therefore inadmissible. See Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); State v. Lee, 531 So.2d 133 (Fla.1988); Gonzalez v. State, 559 So.2d 748 (Fla. 3d DCA 1990); Harris v. State, 427 So.2d 234 (Fla. 3d DCA 1983). Second, under the facts of this ease, the defense counsel’s failure to request a curative instruction was not fatal. The record demonstrates that at one point the defense counsel attempted to make a motion, but the trial court denied the motion without giving the defense counsel an opportunity to state the motion for the record. Additionally, when taking into consideration that throughout the defendant’s trial, which lasted less than two and one half hours, there were approximately eighteen statements made by the prosecutor and the arresting officer, which clearly implied that the defendant had either been arrested before or that the arresting officer has had numerous contacts with the defendant in the past, we find that a curative instruction would not have been sufficient to dissipate the prejudicial effects of this error. Post v. State, 315 So.2d 230 (Fla. 2d DCA 1975). As stated in Post, “[t]he die was cast — the damage was done.” Post, 315 So.2d at 232. Third, we do not find that the complained of error was harmless. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Finally, the defendant also argues that the evidence was legally insufficient to support the defendant’s conviction for resisting arrest without violence. We find that this issue lacks merit. However, since we have ruled in the defendant’s favor as to the Williams *1154 rule issue, we reverse and remand for a new trial as to all counts.
Reversed and remanded.
SHEVTN, J., concurs.
NESBITT, J., dissents.