SHEVIN, J.
Juan Jose Hernandez appeals his conviction for carjacking with a deadly weapon and armed robbery with a deadly weapon. We affirm.
We find no abuse of discretion in the trial court’s denial of Hernandez’s motion for mistrial grounded on the state’s discovery violation. “When the State discloses evidence to the defendant after a trial has started, the focus of inquiry is on procedural prejudice.” Cohen v. State, 581 So.2d 926, 928 (Fla. 3d DCA 1991)(citing Thompson v. State, 565 So.2d 1311 (Fla.1990)). In this case, upon learning of the possible discovery violation the court conducted the appropriate inquiry, Sims v. State, 681 So.2d 1112, 1114 (Fla.1996), cert. denied, 520 U.S. 1199, 117 S.Ct. 1558, 137 L.Ed.2d 705 (1997), and found that the violation was inadvertent. Although the violation may have been substantial, the court found that the defense was on notice of the existence of the objectionable items and through more diligent inquiry, including deposition testimony of the officer, could have learned that the items were discovered on Hernandez’s person. The court also gave a curative instruction.
We are not unmindful that Hernandez’s defense at trial was lack of identity. However, this is not a case where the surprise to the defense rendered it unable to prepare adequately for trial. Reese v. State, 694 So.2d 678 (Fla.1997). See Grant v. State, 738 So.2d 1020 (Fla. 4th DCA 1999)(citing Norton v. State, 709 So.2d 87, 96 (Fla.1997)). In addition, the trial court gave a curative instruction removing the taint of the testimony and permitted the defense to continue arguing its theory of the case. We cannot conclude that the court’s ruling was an abuse of discretion.
Affirmed.
NESBITT, Senior Judge, concurs.
COPE, J., specially concurs.