941 So.2d 523 (2006)
Salvador MENDOZA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-109.
District Court of Appeal of Florida, Third District.
November 8, 2006.
*524 Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before RAMIREZ, SHEPHERD, and LAGOA, JJ.
RAMIREZ, J.
Salvador Mendoza appeals his convictions and sentences for multiple counts. We affirm Mendoza's convictions and sentences, but reverse his conviction for possession of a firearm during the commission of a felony because his conviction for attempted first degree murder was enhanced due to the use of a firearm.
Mendoza and his two co-defendants, Juan Reyes and Ezequiel Reyes, were charged with conspiracy to commit armed robbery; attempted first degree murder of a law enforcement officer (Officer Edgar Rivera); aggravated battery of a police officer; attempted second degree murder (Intern Pablo Muniz); shooting a deadly missile; resisting an officer with violence; fleeing or attempting to elude a marked police car at high speed; and burglary of an occupied dwelling. The jury found Mendoza guilty as charged as to all of the counts except the attempted second degree murder of the intern who was in the police car. As to this count, the jury found Mendoza guilty of aggravated assault.
The trial court sentenced Mendoza to fifteen years as to conspiracy to commit robbery, shooting a deadly missile, burglary of a dwelling, and fleeing a police officer. As to the attempted first degree murder of a law enforcement officer count, the trial court sentenced Mendoza to life imprisonment. As to the aggravated battery of a law enforcement officer count, the trial court sentenced Mendoza to thirty years in prison and as to aggravated assault and resisting arrest with violence counts, the trial court sentenced Mendoza to five years. The trial court ordered all *525 of the sentences to run consecutive with each other. As to the possession of a firearm in the commission of a felony count, the trial court adjudicated Mendoza guilty and suspended entry of sentence.
Mendoza first argues that the show-up identification violated his rights. The test for determining the legality of an out-of-court identification procedure is two-fold: "(1) did the police employ any unnecessarily suggestive procedure in obtaining an out-of-court identification; (2) if so, considering all of the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification." Grant v. State, 390 So.2d 341, 343 (Fla. 1980). On appeal, we must interpret the evidence and all reasonable inferences in a light most favorable to sustain the trial court's conclusions. See Smith v. State, 719 So.2d 1018, 1021 (Fla. 3d DCA 1998); Glas v. State, 329 So.2d 341, 343 (Fla. 3d DCA 1976). Here, the trial court found that the identification was not unnecessarily suggestive and did not give rise to a substantial likelihood of irreparable misidentification under the totality of the circumstances. We affirm this conclusion.
Mendoza next claims that his counsel was ineffective and that this Court should order a new trial. A claim of ineffectiveness of trial counsel is ordinarily not cognizable on direct appeal, but rather must be raised in a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla. 1987). The limited exception to the general rule is when both the deficient performance of counsel and the prejudice to the defendant are apparent on the face of the record. This exception is rarely applied. Id. See also Rios v. State, 730 So.2d 831, 832 (Fla. 3d DCA 1999). We conclude that this case does not fall under the limited exception because neither the deficiency of the performance of counsel nor prejudice to the defendant is apparent on the face of the record.
Finally, Mendoza claims that his attempted first degree murder of a law enforcement officer and conspiracy to commit armed robbery convictions were enhanced when the jury made a specific finding that a firearm was used during the commission of the crimes. He argues that his conviction for possession of a firearm during the commission of a felony should be vacated, even though the trial court suspended sentence.
We have not been provided with a sentencing transcript so we cannot discern the reason the trial court suspended the sentence on the possession of a firearm count. However, when a defendant is convicted of a felony in which the conviction is enhanced due to use of a firearm, the double jeopardy clause bars both a conviction and sentence for the crime of possession of a firearm during the commission of a felony. Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Allen v. State, 643 So.2d 87, 89 (Fla. 3d DCA 1994); Cruz v. State, 593 So.2d 312, 314 (Fla. 3d DCA 1992).
We agree with Mendoza that his attempted first degree murder conviction was enhanced. As the State correctly concedes, Mendoza's conviction for possession of a firearm during the commission of a felony should thus be reversed.
As to the attempted first degree murder charge, first degree murder is a capital felony pursuant to section 782.04(1), Florida Statutes (2002). It is reduced as an attempt to a first degree felony pursuant to section 777.04, Florida Statutes (2002). It is then reclassified to a life felony for use of a firearm pursuant to section 775.087(1)(a), Florida Statutes (2002).
As to the conspiracy to commit armed robbery charge, if an offender carries a *526 weapon during the commission of a robbery, the robbery constitutes a first degree felony pursuant to section 812.13(2)(b), Florida Statutes (2002). Section 777.04, Florida Statutes (2002), reduces the first degree felony from a conspiracy to a second degree felony. The second degree felony is then reclassified to a first degree felony for use of a weapon or firearm pursuant to section 775.087(1)(a), Florida Statutes (2002).
The judgment in this case indicates that the attempted first degree murder is a life felony. The court evidently enhanced the conviction from a first degree felony to a life felony due to the jury's finding that a firearm was used. The judgment, however, does not indicate that the conspiracy to commit armed robbery sentence was enhanced. The judgment indicates that the conviction constitutes a felony of the second degree and not a first degree felony that results from the use of a weapon or firearm.
We therefore reverse Mendoza's conviction for possession of a firearm, but affirm Mendoza's remaining convictions and sentences.
Reversed in part and affirmed in part.