Levine, J.
In this appeal, appellant claims the trial court erred in (1) excluding a character witness from appellant’s workplace, (2) not instructing the jury on justifiable use of deadly force, (3) denying a motion for downward departure, and (4) imposing drug offender probation. We affirm the first two issues. As to the third issue, which raised two grounds for departure, we reverse as to one ground and remand for resentencing, and we affirm as to the other ground. Finally, we reverse the last issue with directions.
Appellant and the victim were at a bar when appellant confronted the victim about an incident involving appellant’s girlfriend. Appellant became belligerent, threatened the victim, and cursed at him. The victim moved to the other end of the bar. Appellant walked past the victim two times and pushed him both times. Appellant then left the bar.
The victim stayed in the bar for another thirty or forty-five minutes before leaving. As he walked towards his car, appellant accosted the victim and punched him in the face. Appellant repeatedly punched the victim, causing him to fall, and continued to punch the victim while he was on the ground. The victim begged appellant to stop. The victim never threw a punch and did not do anything except try to stop the attack. After appellant left, the victim managed to drag himself back into the bar. The victim was taken by ambulance to the hospital. As a result of the attack, the victim sustained fractured orbital sockets, torn cartilage on three ribs, and a broken tooth, and was beaten so badly that blood came out of his ears.
Appellant testified in his defense that the victim struck him in the face without provocation, causing appellant to fall. Appellant and the victim rolled around on the ground, and appellant hit the victim “a couple of times.”
The defense attempted to present testimony of a character witness from appellant’s work who would testify to appellant’s reputation for peacefulness in the community. The state argued the witness did not meet the foundation for reputation testimony because the witness knew appellant only in the workplace and did not know appellant’s general reputation in the community. The trial court agreed and excluded the testimony as not sufficiently broad-based.
The trial court instructed the jury on the defense of the justified use of non-deadly force. The jury found appellant guilty as charged of aggravated battery.
Appellant moved for a downward departure sentence on the ground that the offense was committed in an unsophisticated *650 manner and was an isolated incident for which he had shown remorse. The trial court found that the offense was an isolated. incident and that appellant was remorseful. However, the court found that the victim’s injuries demonstrated that this was not an unsophisticated crime. Specifically, the court stated:
However, I wanted to look at these pictures again, because these pictures clearly demonstrate—they are in evidence—that this was not an unsophisticated crime.
The [victim’s] orbital socket was damaged, like he said.
I’m. not going to- go through his injuries, because he testified and he testified in court. These are evidence and they will be part of the sentencing today.
I do not find the beating this man. got to be an unsophisticated crime.
Also, that he was left in the parking lot, and luckily he made his way back to the bar, and' luckily the woman, that was the manager or owner of the bar, saw this gentleman and said, oh, my gosh, what happened to you, and then he got help, because clearly he could have died Cut there. So I do not find that prong has been met.
Appellant also sought a downward departure on the basis that he cooperated with the state to resolve another offense. A prosecutor' in a separate criminal matter involving a different defendant testified that appellant cooperated with him, but admitted that appellant’s assistance did not solve the case. The trial court, citing State v. Knox, 990 So.2d 665 (Fla. 5th DCA 2008), stated that in order to depart on this ground, it needed the testimony of “law enforcement.” The trial court further stated that even assuming it could depart, the court did not find it should depart.
The trial court sentenced appellant to eight years in prison followed by three years of drug offender probation. During the pendency of this appeal, appellant filed a motion to correct sentencing error, arguing that the trial court was not statutorily authorized to .sentence him to drug offender probation. The trial court denied the motion, .
On appeal, appellant first argues that the trial court erred in excluding evidence of his reputation for peacefulness. A trial court’s exclusion of evidence is reviewed for abuse of discretion as limited by the rules of evidence. Nardone v. State, 798 So.2d 870, 874 (Fla. 4th DCA 2001). Reputation evidence is “evidence of one’s reputation in the community for a particular character trait.” Johnson v. State, 108 So.3d 707, 709-10 (Fla. 5th DCA 2013). Reputation evidence must be “sufficiently broad-based and should not be predicated on mere personal opinion, fleeting encounters, or rumor.” Nieves v. State, 849 So.2d 435, 438 (Fla. 3d DCA 2003) (citing Morrison v. State, 818 So.2d 432 (Fla. 2002)).
The trial court did not abuse its discretion in excluding the testimony because appellant did not show the witness’s testimony was sufficiently broad-based. See Wisinski v. State, 508 So.2d 504, 506 (Fla. 4th DCA 1987) (finding no abuse of discretion in excluding reputation witness testimony based on three or four people who worked with appellant). Additionally, reputation testimony from coworkers is admissible only in the limited circumstances where there is a showing of an “absence of sufficient contact with a community of residence to establish a reputation.” Parker v. State, 458 So.2d 750, 754 (Fla. 1984) (citing Hamilton v. State, 129 Fla. 219, 176 So. 89 (1937)). See also Fla. E. Coast Ry. Co. v. Hunt, 322 So.2d 68, 70 (Fla. 3d DCA 1975); Webster v. State, 500 So.2d 285, 287. (Fla. 1st DCA 1986). Here, appellant made no showing of the unavaila *651 bility of reputation witnesses from his residential community.
Appellant next claims the trial court committed fundamental error in . not instructing the jury on the justified use of deadly force. The failure to instruct on an affirmative defense is not fundamental error if the affirmative defense was not the defendant’s sole or .primary defense, or if the affirmative defense ■ claim was , “extremely weak.” Martinez v. State, 981 So.2d 449, 455-56 (Fla. 2008). In Gregory v. State, 211 So.3d 292 (Fla. 4th DCA 2017), like the instant case, the trial court instructed the jury on the justifiable use of non-deadly force. The defendant did not request an instruction on the justifiable use of deadly force. This court found that although the defendant introduced evidence that would support giving a deadly force instruction, this error did not rise to the level of fundamental error. This court reasoned that because the instruction went to the defense and not to an essential element of the crime charged, it did not amount to fundamental error. Following Gregory, we find no fundamental error occurred in the instant case.
Appellant further claims the trial court erred in denying his motion for downward departure. “A trial court’s decision whether to depart from the guidelines is a two-part process.” Banks v. State, 732 So.2d 1065, 1067 (Fla. 1999). The trial court must first determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it. Id. “This aspect of the court’s decision to depart is a mixed question of law and fact and will be sustained on review if the court applied the right rule of law and if, competent substantial evidence supports its ruling.” Id. The trial court must then determine whether it-should depart. Id. at 1068. This aspect of the court’s decision is reviewed for abuse of discretion. Id.
A trial court may depart where “[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse ” § 921.0026(2)(j), Fla. Stat. The trial court found that the offense was- isolated and that appellant had shown remorse. Thus, the only issue remaining is whether the trial court erred in finding that the offense was not unsophisticated. Courts have defined a crime as unsophisticated when “the acts constituting the crime are ‘artless, simple, and not refined.’ ” State v. Walters, 12 So.3d 298, 301 (Fla. 3d DCA 2009) (citation omitted). Additionally, “courts have considered evidence of ‘several distinctive and deliberate steps’ as an analytical factor to determine sophistication.” State v. Fureman, 161 So.3d 403, 405 (Fla. 5th DCA 2014) (citation omitted).
In the instant cáse, the trial court did not apply the correct standard in determining whether the offense was committed in an unsophisticated matter. The trial court found that the offense was not unsophisticated because of the' extent and severity of the victim’s injuries. However, the nature of the victim’s injuries does not go to the issue of whether the offense was “artless, simple, and not refined.” Nor did the trial court consider whether appellant engaged in “several distinctive and deliberate steps.”[1] Because we are unable to determine whether the trial court “would have imposed the same sentence[ ] if it had understood that it had the discretion to depart under subsection (2)(j) upon proof of each element of that subsection,” we *652 vacate appellant’s sentence and remand for resentencing. Kezal v. State, 42 So.3d 252, 256 (Fla. 2d DCA 2010). On resentencing, the trial court must use the proper standard in determining whether to depart on this ground.
Appellant also challenges the denial of a departure on the grounds that he “cooperated with the state to resolve” another offense. § 921.0026(2)(i), Fla. Stat. Although not dispositive, the trial court erred in finding that the testimony of “law enforcement” was necessary in order to depart. Nothing in the statute or in the Knox case cited by the trial court contains this requirement. Nevertheless, we affirm because the trial court found that even if it could depart, a departure was not warranted. Additionally, because appellant’s cooperation did not resolve an offense, as testified to by the prosecutor, a departure was not authorized.
Lastly, appellant asserts the trial court ¿rred in sentencing him to a term of drug offender probation where he had not committed a qualifying offense. “The legality of a sentence is a question of law and is subject to de novo review.” Flowers v. State, 899 So.2d 1257, 1259 (Fla. 4th DCA 2005). A court may place a defendant on drug offender probation if “the defendant is a chronic substance abuser whose criminal conduct is a violation of s. 893.13(2)(a) or (6)(a) [prohibiting the purchase or possession of certain controlled substances], or other nonviolent felony.” § 948.20(1), Fla. Stat. None of these conditions apply to the instant case. Because drug offender probation was not authorized under the statute, we revérse the portion of appellant’s sentence imposing drug offender probation and remand “with leave for the trial court to substitute a term of probation with or without special conditions related to substance abuse,” provided such special conditions are appropriate. Andrew v. State, 988 So.2d 158, 159 (Fla. 4th DCA 2008); Biller v. State, 618 So.2d 734 (Fla. 1993).
In sum, we reverse appellant’s sentence and remand for resentencing using the proper standard; we reverse the drug offender probation and remand for the trial court to impose probation with or without special conditions related to substance abuse; and we affirm on all other issues.

Affirmed in part, reversed in part, and remanded with instructions.

Warner and Forst, JJ., concur.

. We note that’ 'there was evidence from which the trial court cotlld have potentially found that the crime was committed in a sophisticated manner, such as appellant waiting outside to accost the victim when he left the bar.