970 So.2d 346 (2007)
Jessie JACKSON Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1491.
District Court of Appeal of Florida, Second District.
March 23, 2007.
Rehearing Denied April 23, 2007.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
*347 Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Jessie Jackson Jr. appeals an order revoking his probation which was based on an admission by Jackson that he violated a condition of his probation. Based on the revocation, Jackson was sentenced to five years in prison. Although no issue was preserved for appeal, Jackson contends on various grounds that the trial court erred in revoking his probation.
Among the arguments presented by Jackson is a claim that he is entitled to relief based on ineffective assistance of trial counsel that is apparent on the face of the record. The State has presented no argument in opposition to this claim. For the reasons we explain, we agree that Jackson is entitled to relief for ineffective assistance of trial counsel.
Jackson was subject to a probation condition requiring that he "have no contact with the victim directly or indirectly, including through a third person, unless approved by the sentencing court." Jackson's probation officer filed an affidavit of violation, alleging that Jackson violated the no-contact condition "by being at [the victim's] residence" on a particular date. The victim's testimony contradicted the allegation in the affidavit. The record of the proceedings before the trial court shows that the only "contact" between Jackson and the victim occurred when the victim called Jackson to request that Jackson provide financial assistance for the victim's child, who was fathered by Jackson. The revocation of Jackson's probation was predicated on Jackson's admission to that telephone contact.
Although the telephone contact which was initiated by the victim may have constituted a technical violation by Jackson of the no-contact condition, it was not a willful and substantial violation. See McCumber v. State, 682 So.2d 1214, 1216 (Fla. 2d DCA 1996); see also Scott v. State, 485 So.2d 40, 41 (Fla. 2d DCA 1986). In any event, the telephone contact was not alleged as a violation in the affidavit. It thus could not be a basis for revocation. See Soto v. State, 727 So.2d 1044, 1046 (Fla. 2d DCA 1999); Butler v. State, 450 So.2d 1283, 1285 (Fla. 2d DCA 1984).
Jackson's counsel permitted Jackson to enter an admission to a violation which was uncharged and which, even if charged, would be an insufficient basis for revocation. And when Jackson's probation was revoked, counsel neither offered a contemporaneous objection nor otherwise sought to preserve an objection. Jackson argues that he was "denied effective assistance of counsel because counsel allowed his probation to be revoked, even though the evidence was insufficient, and failed to properly preserve the issue." As noted above, the State does not answer this argument.
We agree that counsel's "ineffectiveness is apparent on the face of the record and [that] it would be a waste of judicial resources to require the trial court to address the issue." Blanco v. Wainwright, 507 So.2d 1377, 1384 (Fla.1987). There is no plausible strategic reason for the course of action chosen by counsel. The deficiency of counsel's performance and the resulting prejudice to Jackson are manifest. See Lambert v. State, 811 So.2d 805, 807 (Fla. 2d DCA 2002); Holsclaw v. Smith, 822 F.2d 1041 (11th Cir.1987); Johnson v. State, 796 So.2d 1227, 1228-29 (Fla. 4th DCA 2001); Rios v. State, 730 So.2d 831, 832 (Fla. 3d DCA 1999); State v. Lopez, 107 Wash.App. 270, 27 P.3d 237, 240-41 (2001).
*348 We therefore reverse the order revoking Jackson's probation and remand for further proceedings.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.