SINGHAL, RAAG, Associate Judge.
Keiarra Vonshay Jackson appeals her conviction for aggravated battery with a firearm and aggravated assault with a firearm. On appeal, Jackson raises the following five points: (1) the trial court erred in denying her motion to disqualify the trial judge; (2) trial counsel rendered ineffective assistance of counsel by failing to request an alibi instruction;[1] (3) the trial court committed fundamental error in its jury instruction for aggravated assault by defining aggravated assault as simple assault and omitting the definition of “deadly *148 weapon” from the instruction; (4) the sentence on the aggravated assault charge is illegal because the information only invoked the actual possession and not the discharge section of the 10/20/Life statute; and (5) the written costs order does not conform to the trial court’s oral pronouncement because the trial court did not indicate it would impose a fíne, but included a $1.00 fíne in its order assessing costs. We affirm as to points 1, 2, 4 and 5 without discussion. We find merit as to point 3. Accordingly, we reverse Jackson’s conviction for aggravated assault and remand for the trial court to adjudicate Jackson guilty of the lesser-included offense of simple assault and to resentence her on that charge.

Factual Background

Jackson attended a party at a park. Sometime after the party ended, Jackson became involved in an argument during which she allegedly brandished a firearm in a threatening manner as to one victim and actually shot another victim. In addition to charging Jackson with aggravated battery with a firearm and aggravated assault with a firearm, the State also charged Jackson with one count of felon in possession of a firearm or ammunition. That count was severed and handled separately. The entire evidence and factual basis as to the two charges before the jury centered around Jackson and the firearm.
After closing arguments, the trial court instructed the jury. Jackson did not object to the jury instructions. The jury instructions and the verdict forms included the language pertaining to actual possession and discharge of a firearm necessary to support enhanced mandatory minimum sentencing under the 10-20-Life statute. The jury found Jackson guilty, and the trial court sentenced her to mandatory minimum terms on each count. This appeal followed.

Analysis

In her third point on appeal, Jackson argues that, despite the lack of an objection to the jury instructions, the trial court committed fundamental error in its jury instruction for aggravated assault by defining aggravated assault as simple assault and omitting the definition of “deadly weapon” from the instruction. Because there was no objection to the jury instructions, any error must be fundamental to require reversal. See State v. Weaver, 957 So.2d 586, 588 (Fla.2007). “For an error to be fundamental, ‘the error must reach down into the validity of the trial itself to the extent that a verdict could not have been obtained without the assistance of the alleged error.’” Frederick v. State, 93 So.3d 445, 447 (Fla. 4th DCA 2012) (quoting Weaver, 957 So.2d at 588). More specifically, it is fundamental error when “a jury instruction incorrectly defines a disputed element of the crime in such a way as to reduce the state’s burden of proof.” Kennedy v. State, 59 So.3d 376, 381 (Fla. 4th DCA 2011).
Here, the trial court instructed the jury on aggravated assault as follows:
Count II, aggravated assault: To prove the crime of aggravated assault the State must prove the following three elements beyond a reasonable doubt— the first three elements define assault:
One, Keiarra Jackson intentionally and unlawfully threatened, either by word or act, to do violence to ... [the victim].
And two, at the time Keiarra Jackson appeared to have the ability to carry out the threat.
And three, the act of Keiarra Jackson created in the mind of [the victim] a well-founded fear that violence was about to take place.
*149 It is not necessary for the State to prove that the Defendant had an intent to kill. If you find the Defendant guilty of aggravated assault, then you must further determine beyond a reasonable doubt if in the course of committing the aggravated battery, the Defendant carried a firearm.
If you find the Defendant carried a firearm during — excuse me — in the course of committing the aggravated assault, you should find her guilty of aggravated assault with a firearm.
If you find that the Defendant carried no firearm during the course of the committing of the aggravated assault, but did commit the aggravated assault, you should find her guilty of aggravated assault.
(emphasis added).
The Standard Jury Instruction for aggravated assault differs from the instruction read at trial and reads as follows, in pertinent part:
To prove the crime of Aggravated Assault, the State must prove the following four elements beyond a reasonable doubt. The first three elements define assault.
[[Image here]]

Give ka or kb as applicable.

4. a. [The assault was made with a deadly weapon.]
b. [The assault was made with a fully-formed, conscious intent to commit (crime charged) upon (victim).]

If kb is alleged, define the crime charged.

Definition. Give ifka alleged.

A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.

Give ifka alleged.

It is not necessary for the State to prove that the defendant had an intent to kill.
Fla. Std. Jury Instr. (Crim.) 8.2 (2008) (bold emphasis added).
The jury instruction the trial court read for aggravated assault did not include element 4a of the Standard Jury Instruction. Additionally, the trial court did not define “deadly weapon.”[2] Although the verdict form did ask the jury to make a finding as to whether Jackson carried a firearm, the instruction reduced the State’s burden of proof to the elements of simple assault. This was error. Kennedy, 59 So.3d at 381.
Further, the trial court instructed the jury that Jackson could be found guilty of aggravated assault even if the jury found she did not possess a firearm. This compounded the error as, under the facts of this case, the firearm was the deadly weapon which should have been element four in the jury instruction. Without it, no aggravated assault could have occurred.

Conclusion

Because the jury instruction as to aggravated assault with a firearm did not include an element of the crime, we reverse Jackson’s conviction on that count. We remand for the trial court to adjudicate Jackson guilty of the lesser-included offense of simple assault and to resentence her on that charge. We affirm Jackson’s conviction and sentence for aggravated battery with a firearm.

Affirmed in part; reversed and remanded in part.

DAMOORGIAN, C.J., and STEVENSON, J., concur.

. Jackson's claim regarding the failure to request an alibi jury instruction is more properly handled in a Florida Rule of Criminal Procedure 3.850 proceeding.

. The written instructions also omitted these portions of the Standard Jury Instruction.