DAMOORGIAN, C.J.
Appellant, Daniel Shedd, appeals his convictions for possession of marijuana (less than twenty grams), possession of alprazolam, and possession of hydrocodone following a jury trial. We reverse the possession of alprazolam and possession of hydrocodone convictions because the trial court’s failure to charge the jury on a “prescription defense” constitutes fundamental error and establishes ineffective assistance of counsel on the face of the record. We affirm Appellant’s possession of marijuana conviction.
By way of background, Appellant was pulled over by Florida Highway Patrol (“FHP”) officers for committing a traffic infraction while driving his mother’s vehi *458 cle. During the traffic stop, FHP asked to search the vehicle after noticing an open container, and Appellant consented. In the vehicle, FHP found prescription pill bottles containing alprazolam and hydroco-done as well as a small amount of marijuana. The prescriptions, like the vehicle, were in Appellant’s mother’s name. According to the FHP officers, Appellant admitted that the marijuana was his and told them that he had a prescription drug problem. However, Appellant also told the officers that the pills belonged to his mother. Appellant was subsequently arrested and charged with possession of the pills and marijuana.
At trial, Appellant’s defense attorney argued that the state did not meet its burden of proving possession because the pills belonged to his mother, as evidenced by their labels and the fact that they were in his mother’s car. Appellant’s mother testified in his defense, and explained that at the time he got pulled over, Appellant was on his way to meet up with her and was driving her car with her permission. She stated that she had a valid prescription for the alprazolam and hydrocodone, and maintained that both prescriptions were hers and that she put them in the vehicle. The state did not dispute that Appellant’s mother had a valid prescription for both alprazolam and hydrocodone.
Following the close of evidence, the court instructed the jury on the elements of possession of each substance as follows:
1) [Appellant] possessed a certain substance. .
2) That substance was [alprazolam, hy-drocodone, and marijuana respectively]-
3) [Appellant] had knowledge of the presence of the substance.
The court did not instruct the jury on any affirmative defense and defense counsel did not ask for any such instruction. The jury returned a guilty verdict on all three counts and the court sentenced Appellant to concurrent eighteen-month sentences followed by probation on the prescription charges and to thirty days with credit for time served on the marijuana charge.
On appeal, Appellant argues that the jury should have been instructed on a prescription defense and that his counsel was ineffective for failing to request such an instruction. As Appellant did not raise any issue with the trial court’s failure to provide the jury with a prescription defense instruction, we can only review for fundamental error. Ramirez v. State, 125 So.3d 171, 175 (Fla. 4th DCA 2013). “Where a court has failed to instruct on an affirmative defense, fundamental error occurs where a jury instruction is ‘so flawed as to deprive defendants claiming the defense ... of a fair trial.’ ” Id. (quoting Smith v. State, 521 So.2d 106, 108 (Fla. 1988)). Additionally, claims of ineffective assistance of counsel are only cognizable on direct appeal if the claimed ineffectiveness is apparent on the face of the record. Mansfield v. State, 758 So.2d 636, 642 (Fla.2000).
We hold that the court’s failure to instruct the jury on a prescription defense was fundamental error. Our recent holding in Ramirez supports this conclusion. 125 So.3d at 175. There, police charged the defendant with trafficking in hydroco-done after they raided a house occupied by the defendant and found hydrocodone on a night stand next to the bed where the defendant was sleeping. Id. at 173. The home was owned by the defendant’s mother and the hydrocodone was also prescribed to his mother. Id. Although the defendant’s defense was that he “was entitled to temporarily possess the pills, and thus should be acquitted of the trafficking *459 charge, since his mother had a viable prescription and was not using them for an illegal purpose,” defense counsel did not request, and the court did not provide the jury with a prescription defense instruction. Id. at 174.
We reversed, explaining that possession is an element of trafficking and a valid prescription for a controlled substance is an affirmative defense to possession. Id. at 175 (citing McCoy v. State, 56 So.3d 37, 39 (Fla. 1st DCA 2010)). Further, “[t]he prescription defense is not limited to the person holding a valid prescription, but may also be asserted by ‘any individual authorized by the prescription holder of the medications on his or her behalf.’ ” Id. (quoting State v. Latona, 75 So.3d 394, 395 (Fla. 5th DCA 2011)). As the defendant’s position at trial was that he was legally holding his mother’s prescribed pills for safekeeping, we held that the prescription defense was his primary defense to the trafficking charge. Id. at 176. Since a defendant is deprived of a fair trial when the jury is not instructed on the law of a crucial defense, we concluded that the court’s omission resulted in fundamental error. Id.
Appellant’s case is indistinguishable from Ramirez. Although Appellant’s position at trial was that he was driving his mother’s vehicle (with her permission) and the vehicle contained Appellant’s mother’s prescription medication, i.e., Appellant was legally holding his mother’s pills for safekeeping via operation of her vehicle, the jury was not instructed on a prescription defense. Under Ramirez, this constitutes fundamental error. Id. Additionally, Ramirez dictates that Appellant’s counsel’s failure to request the prescription defense instruction constitutes ineffective assistance of counsel on the face of the record. Id. at 175 n. 1 (“This is one of those rare cases where ineffective assistance of trial counsel is ‘apparent on the face of the record.’ ”).
For these reasons, we reverse Appellant’s convictions for possession of alprazo-lam and hydrocodone and remand for a new trial. However, as the issues raised by Appellant do not have any bearing on his possession of marijuana conviction, we affirm in that respect.

Affirmed in Part; Reversed in Part and Remanded for a New Trial.

TAYLOR and LEVINE, JJ., concur.