TAYLOR, J.
Richard Clarence Snow appeals his conviction for leaving the scene of a personal injury crash and for driving with a suspended license and causing serious bodily injury. Appellant raises two issues on appeal. First, he asserts that the trial court improperly permitted a witness to testify on redirect examination that he stopped to help the victim of the traffic accident for humanitarian reasons. Appellant argues that this testimony was an attack on his character, since he allegedly failed to stop and render aid to the victim. We find that this claim lacks merit. The witness’s testimony, when viewed in context, was relevant to establish that the witness was present at the scene of the accident and saw appellant flee the scene.
Second, appellant argues that the trial court committed fundamental error in instructing the jury that appellant could be convicted of the suspended license charge if he was involved in the crash, rather than if he caused the victim’s serious injuries by his negligent or careless driving. We agree and reverse on this issue.
On the day of the crash, the victim was riding his motorcycle. When he started to make a right turn at a red light, he saw a truck coming toward him. The next thing he remembered was waking up in the hospital with a punctured lung and broken ribs. The victim has no other memory of the crash.
Two witnesses came forward. One witness identified appellant’s vehicle as the truck that he saw leaving the scene of the crash, and the other witness saw the truck hit the victim on his motorcycle and identified appellant as the driver of the truck.
Appellant was charged by information with two counts: (Count I) leaving the scene of a crash resulting in the injury of a person, and (Count II) driving with a suspended license and by careless or negligent operation, causing serious bodily injury to the victim. The instructions for Count II, the suspended license charge, are at issue in this appeal.
Count II of the information stated in relevant part:
RICHARD CLARENCE SNOW, on or about the 26th day of January, A.D.2009, ... did operate a motor vehicle while said operator’s or chauffeur’s license was canceled, suspended, or revoked and by careless or negligent operation thereof, did cause the death of or serious bodily injury to another human being
[[Image here]]
When instructing the jury on Count II, the trial judge informed the jury that appellant had stipulated to the fact that his license was suspended and that he had been given notice of the suspension. The judge further instructed the jury that the state had to prove beyond a reasonable doubt that “[w]hile driving, Richard Snow’s vehicle was involved in a crash resulting [in] serious bodily injury to a person.” Appellant did not object to this jury instruction.
The jury found appellant guilty of both charges. On Count I, appellant was sentenced, as a habitual felony offender, to five years in prison. On Count II, appellant was sentenced to two years in prison, consecutive to the sentence on Count I.
Because appellant did not object to the jury instructions at trial, any error in instructing the jury must be fundamental for our review on appeal. See Jackson v. State, 120 So.3d 147, 148 (Fla. 4th DCA 2018). “[I]t is fundamental error when ‘a jury instruction incorrectly defines a disputed element of the crime in such a way as to reduce the state’s burden of proof.’ ” Id. (citing Kennedy v. State, 59 So.3d 376, 381 (Fla. 4th DCA 2011)).
Appellant argues that the trial court’s instruction that the state must *1155 prove beyond a reasonable doubt that the defendant’s vehicle was involved in a crash that resulted in serious bodily injury, rather than that the defendant caused the serious bodily injury by careless or negligent driving, constitutes fundamental error, because the instruction incorrectly defines a disputed element of the crime in such a way as to reduce the state’s burden of proof.
Appellant was charged in Count II with violating section S22.34(6)(b), Florida Statutes (2008). This section states that any person who operates a motor vehicle while his or her driver’s license has been canceled, suspended or revoked “and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree .... ”
The trial court instructed the jury on Count II as follows:
To prove the crime of Driving While his Operator’s or Chauffeur’s License or Driving Privilege is Cancelled, Suspended or Revoked, the State must prove the following four elements beyond a reasonable doubt:
1. RICHARD CLARENCE SNOW drove a motor vehicle upon a highway in this state.
2. His license or driving privilege was cancelled, suspended or revoked.
3. Notice of Cancellation, suspension or revocation was given to the defendant.
4. While driving, RICHARD SNOW’S vehicle was involved in a crash resulting in serious bodily injury to a person.
The Florida Standard Jury Instruction for this suspended driver’s license charge reads in pertinent part as follows:
To prove the crime of Operating a Motor Vehicle Carelessly or Negligently Causing [Serious Bodily Injury] [While Driver’s License Suspended, Revoked, Canceled for Specified Reason], the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) operated a motor vehicle in a careless or negligent manner.
2. At the time, [his] [driver’s license] was [suspended] pursuant to Florida Statute [316.655].
3. As a result of the careless or negligent operation, (defendant) caused [serious bodily injury to (victim) ].
Fla. Std. Jury Instr. (Crim.) 28.12.
The jury instruction that the trial court read to the jury omitted elements 1 and 3 of the Standard Jury Instruction. The instruction did not inform the jury that it needed to find beyond a reasonable doubt that “as a result of the careless or negligent operation [of the motor vehicle], the defendant caused serious bodily injury to the victim.” Instead, the jury instruction stated that the jury had to find beyond a reasonable doubt only that the defendant’s vehicle was involved in a crash resulting in serious bodily injury to a person. The jury instruction thus failed to include two elements of the crime, i.e., that the defendant carelessly or negligently drove his vehicle and caused the crash that seriously injured the victim. The instruction thereby reduced the state’s burden of proof.
Moreover, the omitted elements of the crime were disputed. Although appellant conceded that his license was suspended at the time of the crash, he disputed two elements of the charge. He argued that the evidence was insufficient to prove either that he drove the truck or that he negligently caused a crash resulting in the victim’s injuries. We conclude that the jury instruction given by the trial court constituted fundamental error. Accordingly, we reverse appellant’s conviction on *1156 Count II and remand for a new trial on that count.

Reversed and Remanded.

STEVENSON and CONNER, JJ., concur.