ROWE, J.'
.Appellant, Elliott Barnett, appeals his convictions for first-degree murder and attempted armed robbery. Barnett argues that defense counsel’s failure to request an alibi instruction was ineffective assistance of counsel apparent on the face of the record, or, in the alternative, the failure to give the instruction resulted in fundamental error. Because Barnett failed to meet *536 the heavy burden to prove either of these errors, we affirm.

Facts

The charges in this case arose from the shooting death ‘of William McFaline. The State presented the testimony of two co-defendants, Rasean Vann ' and Chequial Williams, to show that Barnett along'with Vann and Williams planned to rob McFa-line after McFaline purchased marijuana from his supplier. The State’s theory was that Vann accompanied McFaline to purchase marijuana from McFaline’s supplier on the other .side of town. Unbeknownst to McFaline, Vann was sending text messages to Williams, relaying their location so Barnett and Williams could rob McFa-line after the drugs were in his possession. The drug. buy fell .through, but Vann, Williams,,and Barnett.decided to continue with the plan to' rob McFaline. While McFaline and Vann were parked, at an apartment complex, Barnett approached McFaline’s ear, pulled his gun, and discharged his weapon multiple times. McFaline died as a result of one of the gunshot wounds.
The defense’s theory was that Appellant was never involved in the planning or robbery of McFaline. Appellant admitted that he was with Vann on the afternoon of the shooting, but he testified that they parted ways around 3:00 p.m. He testified that he spent the remainder of the afternoon with his cousin, Chris Simmons, and that he and Simmons were playing basketball in a park during the time of the shooting. Appellant also presented the testimony of three alibi witnesses who corroborated his testimony that he was at the park during the shooting. Simmons testified that at one point in the evening, he saw Vann’s car at the park, but he could not see who was in the car. Although defense counsel filed a notice of intent to present an alibi defense, presented alibi witnesses, and argued to the jury that Barnett had an alibi for the. time of the shooting, defense counsel failed to request the standard jury instruction oh the alibi defense. The jury found Barnett guilty of first-degree murder and attempted armed robbery. This timely appeal follows.

Ineffective Assistance of Counsel

Barnett argues that defense counsel’s failure to- request the alibi jury instruction constitutes ineffective assistance of counsel on the face of the record because there was no reasonable tactical explanation for counsel’s failure to request this instruction and Barnett was prejudiced by the exclusion of the instruction. Claims of ineffective assistance of counsel are rarely addressed on direct appeal because they normally turn on questions of fact and both sides are entitled to present relevant evidence at an evidentiary hearing. Hills v. State, 78 So.3d 648, 652 (Fla. 4th DCA 2012). In order to prevail on such a claim, an appellant must demonstrate “ineffectiveness on the face of the record, indisputable prejudice, and an inconceivable tactical explanation for the conduct.” Morales v. State, 170 So.3d 63, 67 (Fla. 1st DCA 2015).
Barnett relies on the decisions in Shedd v. State, 137 So.3d 456 (Fla. 4th DCA 2014), and Capiro v. State, 97 So.3d 298 (Fla. 4th DCA 2012), to support his argument that counsel’s failure to request an alibi instruction constitutes ineffective assistance of counsel on the face of record because the alibi defense was Barnett’s primary defense. However, we find that Shedd and Capiro are distinguishable from the present case because those cases dealt with the omission of jury instructions for affirmative defenses.* See Shedd, 137 *537 So.3d at 459 (failing to request the jury-instruction on the prescription defense where Shedd’s defense to charges of possession of prescription medication was that he was legally holding his mother’s pills for safekeeping while operating her vehicle); Capiro, 97 So.3d at 300-01 (failing to request a jury instruction on the good faith defense to theft where Capiro’s. entire defense was that he did not have the requisite intent to commit theft because he had, a good faith belief he was entitled to spend the funds at issue). Here, Barnett’s alibi defense was that he was not present when McFaline was shot; it was not that he had a valid excuse or justification for shooting McFaline. Thus, the decisions in Shedd and Capiro 'are distinguishable from the present case.
This case does not present one' of 'the rare incidents where ineffectiveness is apparent from the face of the record. Compare Martinez v. State, 761 So.2d 1074, 1078 n. 2 (Fla.2000) (stating that defense counsel’s failure to request a jury instruction on alibi did not present ineffectiveness “apparent on the face of the record,” notwithstanding several witnesses’ testimony that supported the alibi defense), and Jackson v. State, 120 So.3d 147, 147 n. 1 (Fla. 4th DGA 2013) (indicating that a claim that defense counsel was ineffective for failing to request an alibi instruction would be more,properly raised in a post-conviction motion), with Jackson v. State, 970 So.2d 346, 347 (Fla. 2d DCA 2007) (holding that there was ineffective assistance of counsel on direct appeal where complete defense to revocation of probation was available but not raised by counsel and there was “no plausible strategic reason for” counsel to allow defendant to admit violation of probation resulting in a five-year prison sentence). Counsel could have had a tactical, reason, for failing to request the alibi instruction. . See Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000) (“[Strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct.”). Although the trial court did not instruct the jury on Barnett’s alibi defense, it did provide instructions on excusable and justifiable homicide. If counsel had requested the alibi instruction, Barnett would not have been entitled to either of those instructions. Moyer v. State, 558 So.2d 1045 (Fla. 5th DCA 1990) (affirming denial of justifiable use of deadly force jury instruction because it was inconsistent with an alibi defense).
■ Additionally, defense counsel may have made the 'strategic decision for the jury to be instructed on excusable and justifiable homicide, rather than solely the alibi defense, because Barnett was also charged as a-principal to both offenses. Notwithstanding' the testimony of Appellant and his alibi witnesses that he was at the park at the time of the shooting, those same witnesses testified that Appellant met with Vann on the day of the shooting and that Vann’s, car was seen at the park after the shooting. Thus, even if the jury believed the . testimony of the alibi witnesses, it could have still returned a guilty verdict. An evidentiary hearing would be required to determine, whether these were reasonable strategic choices. See Wiggins v. State, 790 So.2d 1137, 1138 (Fla. 4th DCA 2001). For these reasons, we cannot con- *538 elude that counsel’s failure to request the alibi instruction constitutes ineffective assistance of counsel apparent from the face of the record.

Fundamental Error

Barnett also asks this Court to find that the failure to instruct the jury on the alibi defense rises to the level of fundamental error. Jury instructions are subject to the contemporaneous objection rule and, absent an objection at trial, can be raised for the first time on appeal only if fundamental error occurred. Garzon v. State, 980 So.2d 1038, 1042 (Fla.2008); see also Truett v. State, 105 So.3d 656 (Fla. 1st DCA 2013) (holding that the trial court’s refusal to give an alibi instruction is subject to the contemporaneous objection requirement). In reviewing a claim of fundamental error, this Court must consider the absence of the instruction in the context of the other jury instructions given, the evidence adduced at trial, and the arguments of counsel. See Smith v. State, 76 So.3d 379, 383 (Fla. 1st DCA 2011).
Here, when the jury instructions are viewed as a whole, the absence of the alibi instruction did not result in fundamental error. The alibi jury instruction would have informed- the jurors that it was their duty to find Barnett not guilty if they had a reasonable doubt that he was present at the scene of the alleged crime. Fla. Std. Jury Instr. (Crim) 3.6(i). Although not a substitute for the alibi instruction, the-jury did receive the standard presumption of innocence instruction, which provides: “To overcome1 the defendant’s1 presumption- of innocence, the State has the burden of proving the crime with which the defendant is charged was committed and the defendant is the person who committed the crime.” Fla. Std. Jury Instr. (Crim) 3.7 (emphasis added). Thus, the jury was instructed that it had to find that Barnett was the person that committed the crime. Moreover, the jury was presented with testimony from several witnesses that Barnett was at a park at the time of the shooting, and defense counsel argued that the jury should return a not guilty verdict because Barnett had an alibi for the time of the offense. Because, under the facts of this case, the omission of the alibi instruction did not wholly divest Barnett of his ability to present his alibi defense, he was not deprived of a fair trial; thus, Barnett cannot establish that fundamental error occurred. Wyche v. State, 170 So.3d 898, 903 (Fla. 3d DCA 2015); McCoy v. State, 56 So.3d 37, 40 (Fla. 1st DCA 2010).
We, therefore, AFFIRM the imposition of judgment and sentence without prejudice for Barnett to seek any available post-conviction relief.
LEWIS and THOMAS, JJ., concur.

 "An ‘affirmative defense’ is any defense that assumes the complaint or charges to be cor *537 rect but raises other facts that, if true, would establish a valid excuse or justification or a right to engage in the conduct in question. An affirmative defense does not concern itself with the elements of the offense at all; it concedes them. In effect, an affirmative defense says, ‘Yes, I did it, but I had a good reason/” State v. Cohen, 568 So.2d 49, 51-52 (Fla.1990).