Ciklin, C.J.
Celestor Gregory appeals his convictions and sentences. He alleges numerous errors, but we affirm because his arguments are either unpreserved or without merit, or both. However, we write to address his argument that the trial court fundamentally erred by failing to instract the jury on the justifiable use of deadly force.
Gregory was charged with robbery with a weapon and battery after stealing a bottle of liquor from a liquor store and getting into a physical altercation with the store owner outside of the store. The store owner jumped into Gregory’s car in an effort to detain him until police arrived. Gregory *293 smashed the glass liquor bottle over the store owner’s head. The store owner survived the attack, but sustained a serious cut on his head.
At trial, Gregory’s defense theory centered around his claimed belief that he was being randomly attacked, since the store owner was not wearing a uniform and did not identify himself as the store owner, and that Gregory was merely acting in self-defense. Gregory presented evidence at trial to support this theory, including a videotape of his interview by a detective.
Gregory did not request an instruction on the justifiable use of deadly force and the jury was instructed on the justifiable use of non-deadly force. The jury found Gregory guilty as charged.
On appeal, Gregory argues that the failure to instruct the jury on the justifiable use of deadly force was fundamental error, since the jury may have found that Gregory used deadly force in smashing the store owner over the head with a glass bottle. Although Gregory correctly asserts that he introduced evidence to support giving the deadly force instruction, we disagree with his assertion that this error rises to the level of fundamental error.
“Fundamental error is error which goes to the foundation of the case. Failure to give an instruction unnecessary to prove an essential element of the crime charged is not fundamental error.” Sochor v. State, 619 So.2d 285, 290 (Fla. 1993) (internal citation omitted) (finding no fundamental error in failure to instruct on voluntary intoxication defense to felony murder based on kidnapping); see also Alfaro v. State, 837 So.2d 429, 430 (Fla. 4th DCA 2002) (finding no fundamental error in failing to give unrequested “claim of right” instruction in relation to grand theft auto conviction). Justifiable use of deadly force is a defense to robbery and battery, not an essential element of those crimes. In other words, the omitted defense instruction did not go to the foundation of the state’s case. Following the reasoning of Sochor, “[bjecause the complained-of instruction went to [Gregoryj’s defense and not to an essential element of the crime charged, an objection was necessary to preserve this issue on appeal.” See Sochor, 619 So.2d at 290.
We further note that the case at hand is distinguishable from Shedd v. State, 137 So.3d 456 (Fla. 4th DCA 2014), and Ramirez v. State, 125 So.3d 171 (Fla. 4th DCA 2013). In those cases, this court reversed convictions for possession of and trafficking in controlled substances, respectively, where the court failed to charge the jury with a “prescription” defense. In Ramirez, this court found fundamental error “where a question from the jury should have highlighted the absence of the instruction for the trial court and defense attorney.” Ramirez, 125 So.3d at 173. In both Shedd and Ramirez, this court indicated that the failure to request the prescription defense was ineffective assistance of counsel. Shedd, 137 So.3d at 457; Ramirez, 125 So.3d at 175 n.1. Unlike in Shedd and Ramirez, no jury questions here alerted the trial court to the omission of a justifiable use of deadly force instruction, nor was ineffective assistance of counsel apparent from the face of the record. Thus, “[t]o find fundamental error in this case would place an unrealistic burden on the trial judge concerning trial tactics and strategy that should be left to defense counsel.” Shells v. State, 642 So.2d 1140, 1141 (Fla. 4th DCA 1994).
Consequently, we affirm.

Affirmed.

May and Kuntz, JJ., concur.