# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5105
_____

TYRONE B. JOHNSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

May 25, 2018

B.L. THOMAS, C.J.

Tyrone B. Johnson appeals an order denying his postconviction motion brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm.

Appellant was charged with three counts of attempted second-degree murder (counts I—III), shooting into an occupied building (count IV), and possession of a firearm by a convicted felon (count V). The evidence introduced at trial reflected that on the night of the shooting, one of the victims, Michael Alford, attempted to fight Appellant over a dispute involving another victim, LaKendra Young. Appellant's friends intervened to stop the fight, and Appellant retreated to a friend's apartment and called the police. The police escorted him back downstairs to his

car. Appellant started to drive out of the apartment complex in his car, and his friend, Rico Williams, followed in a separate car. Near the exit to the complex, he stopped his car and discovered that his tires had been slashed. He started making threatening remarks, suggesting that he intended to return.

Later that night, a car drove slowly into the complex, turned around, and passed by the place where Ms. Young, Mr. Alford, and Austin Price were standing outside. Two witnesses identified it as the same car that had followed Appellant out of the complex earlier in the night. The windows were rolled down, several shots were fired, and the car then sped away.

Ms. Young testified that she felt the wind of one bullet passing behind her before it struck a sliding glass door. Mr. Price testified that one of the bullets went over his head and struck a wall. Mr. Alford and Ms. Young were able to identify Appellant as the shooter. Another witness, Ira Davis, also saw the shooting and identified Appellant as the shooter. Evidence was presented that the vehicle involved in the shooting belonged to Rico Williams' girlfriend, Fariha Hoque. When authorities contacted Ms. Hoque about her vehicle, she initially concealed its whereabouts, saying it was in Miami.

Appellant was convicted as charged on counts I, III, and IV, and of the lesser included offense of aggravated assault on count II. He was sentenced to a total of life in prison and designated as an habitual violent felony offender on counts I and III. Count V was nolle prossed by the State. Appellant's convictions and sentences were affirmed by this court, without opinion. *Johnson v. State*, 166 So. 3d 771 (Fla. 1st DCA 2015) (table).

Appellant then filed the instant rule 3.850 motion, raising eight grounds for relief. The lower court summarily denied the motion, and this timely appeal follows.

2

In Appellant's first ground, he raised two subclaims pertaining to counsel's alleged failure to investigate.[1] In subclaim (a), Appellant argued that his attorney was ineffective for failing to depose the State's witnesses to prepare for cross-examination. He alleged that Mr. Davis, Ms. Young, and Mr. Alford had given less detailed statements to the police in response to the investigation into the dispute between Appellant and Mr. Alford than they did in connection with the investigation of the shooting. He asserted that other witnesses were unreliable or made statements that did not support the State's case. He claimed the outcome of the trial would have been different if counsel had impeached these witnesses, because such impeachment would have supported his alibi and misidentification defenses.

A claim of ineffective assistance of counsel is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prove ineffective assistance, an appellant must allege 1) the specific acts or omissions of counsel which fell below a standard of reasonableness under prevailing professional norms and 2) that the appellant's case was prejudiced by these acts or omissions such that the outcome of the case would have been different. *See id.* at 690-92. "[W]hen a failure to depose is alleged as part of an ineffective assistance of counsel claim, the appellant must specifically set forth the harm from the alleged omission, identifying 'a specific evidentiary matter to which the failure to depose witnesses would relate.'" *Davis v. State*, 928 So. 2d 1089, 1117 (Fla. 2005) (quoting *Brown v. State*, 846 So. 2d 1114, 1124 (Fla. 2003)).

Here, even assuming that Appellant set forth a facially sufficient claim, he failed to establish prejudice. Mr. Alford, Ms. Young, Mr. Davis, and another witness, Shanice Bailey, all provided written statements to the police after the shooting. During the trial, defense counsel thoroughly cross-examined these witnesses and impeached them with their prior statements.

---

[1] Insofar as he raised an additional subclaim arguing that counsel was ineffective for failing to call Officer Knapp as a witness, this claim is addressed in ground two.

Counsel also questioned Mr. Price about prior statements he made to the police. During closing arguments, defense counsel highlighted conflicts in their testimony, as well as the relationships among the witnesses and their possible motive for testifying falsely about Appellant's involvement in the shooting. Under these circumstances, this subclaim was properly denied.

In subclaim (b), Appellant argued that his attorney was ineffective for failing to spend adequate time consulting with him. He alleged that defense counsel failed to review all of the State's evidence and witness statements with him, did not forward discovery to him, and did not show him transcripts from the depositions of the State witnesses. He asserted that he was prejudiced by these omissions, because counsel allowed the defense witnesses' testimony to be refuted.

An ineffective assistance of counsel claim based upon a lack of consultation requires a defendant to demonstrate how he was prejudiced by the omission. *See Jackson v. State*, 801 So. 2d 1024, 1025 n.1 (Fla. 5th DCA 2001). Here, Appellant failed to show that he was prejudiced. He suggested that the lack of consultation allowed the defense witnesses' testimony to be refuted, but did not explain how further consultation could have avoided that result.

Additionally, in Appellant's sworn motion, he alleged that his attorney visited him nine times, providing specific details about some visits: his attorney visited him for 20 minutes to make contact; for 30 minutes to discuss his alibi; a third time to discuss an alibi witness and depositions; and during a visit in December 2013, counsel conveyed that he had completed his investigation. Furthermore, insofar as Appellant argued that counsel failed to provide him with the deposition transcripts of State witnesses, he alleged in ground one, subclaim (a), that defense counsel did not depose the State's witnesses. Thus, Appellant's own allegations undermine his claim.

Regardless, given the evidence discussed above, there is no reasonable probability that further consultation wtih defense counsel would have changed the outcome of the trial. Appellant was involved in an altercation with two of the victims on the

night of the offenses. After the altercation, he discovered that his tires had been slashed and was overheard making threatening remarks. *Three* eyewitnesses identified Appellant as the shooter. The State introduced evidence that the vehicle used in the shooting belonged to one of Appellant's friends. Two witnesses indicated that the same vehicle had been seen following Appellant out of the complex earlier that night. Under these circumstances, this subclaim was properly denied, as no prejudice occurred.

In Appellant's second ground, he raised three subclaims. In subclaim (a), he argued that his attorney was ineffective for failing to call Officer Knapp to testify. He alleged that Officer Knapp escorted him to his car after the altercation with the victims, and that Officer Knapp could have testified that he never yelled threatening remarks upon discovering that his tires were slashed.

This subclaim is conclusively refuted by the record. The evidence at trial established that the police did escort Appellant downstairs from his friend's apartment after the altercation; however, Appellant did not discover that his tires were slashed until he was driving out of the apartment complex. Further, Appellant testified at trial that Officer Knapp escorted him to his car, he drove away with Rico Williams following in a separate car, and that Mr. Williams honked to notify him that his tires were flat. Thus, at the time Appellant noticed and reacted to his slashed tires, Officer Knapp was no longer with him. Given this information, this subclaim was properly denied.

In subclaim (b), Appellant argued that his attorney was ineffective for failing to object, when the prosecutor asserted during closing arguments that Appellant made threatening remarks upon finding that his tires had been slashed. However, as discussed above, the State presented evidence that after Appellant discovered his tires had been slashed, he yelled threatening remarks. Under these circumstances, counsel cannot be deemed ineffective for failing to object, as the prosecutor's argument was a fair comment on the evidence. *See Spann v. State*, 985 So. 2d 1059, 1068 (Fla. 2008) ("Because the prosecutor was making a fair comment based on the evidence presented at

trial, counsel cannot be deemed ineffective for failing to object."); *Hitchcock v. State*, 991 So. 2d 337, 361 (Fla. 2008) ("Counsel cannot be deemed ineffective for failing to make a meritless objection.").

In subclaim (c), Appellant argued that the prosecutor committed a *Giglio*[2] violation by failing to correct false testimony that he yelled threatening remarks after discovering that his tires were slashed, and for emphasizing that testimony during closing arguments. Three different witnesses testified that Appellant yelled threats when he made that discovery. Given this information, this subclaim was properly denied. *See Serrano v. State*, 225 So. 3d 737, 754 (Fla. 2017) (affirming the denial of a *Giglio* claim where the defendant failed to demonstrate that the witness' testimony was false).

In Appellant's third ground, he argued that his attorney was ineffective for failing to study cellphone tower transmissions and retain an expert who could testify about the range of cellphone towers. He alleged that the State introduced the testimony of Jeffrey Strohm to establish that Appellant's cellphone used the cellphone towers near the crime scene around the time of the shooting, rather than the towers near his girlfriend's house on the night of the shooting, asserting that this evidence undermined his alibi. He claimed that if counsel had been more prepared, he could have adequately cross-examined Mr. Strohm.

But a defendant does not establish that his attorney performed deficiently in failing to retain a defense expert, when defense counsel "rigorously challenged the state's expert." *Crain v. State*, 78 So. 3d 1025, 1040 (Fla. 2011) (holding that the decision not to call a defense expert was a reasonable strategic decision where defense counsel is able to obtain significant concessions from the State's witnesses through cross-examination). Here, during Mr. Strohm's cross-examination, defense counsel elicited testimony that if the cellphone tower

---

[2] *Giglio v. United States*, 405 U.S. 150 (1972) (holding that a new trial was required where the State knowingly presented false testimony at trial and that evidence was material).

near an individual gets "bogged down," a different tower will pick up the call. Mr. Strohm agreed that that individual's cellphone records would then indicate that he was near the second tower, even though he was not. Mr. Strohm acknowledged that it was possible for Appellant to be at his girlfriend's house and have his call get picked up by the cellphone tower in the vicinity of the crime scene. Defense counsel emphasized this testimony during closing arguments, reiterating that the cellphone tower evidence did not actually establish Appellant's location at the time of the offenses. Given this information, counsel did not perform deficiently. Furthermore, given the evidence discussed above, even if defense counsel had investigated cellphone tower transmissions or consulted a defense expert, there is no reasonable probability that the outcome of the trial would have been different.

In Appellant's fourth ground, he argued that his attorney was ineffective for failing to make an adequate motion for judgment of acquittal, arguing that counsel should have argued that the State failed to disprove his alibi defense. This claim is cognizable pursuant to rule 3.850. *See White v. State*, 977 So. 2d 680, 681 (Fla. 1st DCA 2008) (concluding that a defendant stated a meritorious claim of ineffective assistance of trial counsel where a timely motion for judgment of acquittal would have been granted). Nonetheless, this claim is meritless.

"In moving for a judgment of acquittal, a defendant 'admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.'" *Beasely v. State*, 774 So. 2d 649, 657 (Fla. 2000) (quoting *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)). "A motion for judgment of acquittal should only be granted if there is no view of the evidence from which a jury could make a finding contrary to that of the moving party." *Jeffries v. State*, 797 So. 2d 573, 580 (Fla. 2001). "Because conflicts in the evidence and the credibility of the witnesses have to be resolved by the jury, the granting of a motion for judgment of acquittal cannot be based on evidentiary conflict or witness credibility." *Sapp v. State*, 913 So. 2d 1220, 1223 (Fla. 4th DCA 2005). We need not reiterate the evidence admitted at trial to conclude that this claim must fail here, as no

motion for judgment of acquittal would have been correctly granted based on the evidence here.

In Appellant's fifth ground, he argued that his attorney was ineffective for failing to retain a ballistics expert to testify that there were two groups of shooters present that night exchanging fire. He also alleged that this expert could have opined as to whether the gun was fired at the victims or into the air.

Appellant failed to establish any deficiency or resulting prejudice. His defense was that he was not present during the shooting, *not* that he did not shoot directly at the victims or that the victims fired first. Furthermore, such testimony would run contrary to all of the eyewitness testimony introduced at trial, which established that a single shooter fired from a moving vehicle, and the bullets passed by two of the victims and struck the building behind them. Afterwards, one bullet was found lodged in a cabinet inside a witness' apartment. Under these facts, this ground was properly denied.

In Appellant's sixth ground, he argued that his attorney was ineffective for failing to file a motion for a new trial so that the trial court could re-weigh the evidence. He alleged that if this had occurred, he would have received a new trial.

Such a claim is only meritorious where the movant can show that a motion for new trial would have been *granted,* as otherwise there could be no prejudice. In other words, where there is not a "strong likelihood a new trial would have been ordered," such a claim for collateral relief must be denied. *See Manley v. State*, 605 So. 2d 1327, 1328 (Fla. 2d DCA 1992). And this court has recognized that there is no *per se* entitlement to collateral relief, simply because defense counsel failed to file a motion for new trial without considering the underlying facts. *Williams v. State,* 553 So. 2d 309 (Fla. 1st DCA 1989). Here, given the evidence discussed above, there is no likelihood that a motion for a new trial would have been granted, because the verdict was not contrary to the weight of the evidence, but in fact was entirely consistent with the weight of the evidence. In contrast, in *Lamb v. State,* 124 So. 3d 953, 957 (Fla. 2d DCA 2013), the Second District granted collateral relief and a new

trial where trial counsel misunderstood the grounds for obtaining relief by requesting a new trial rather than seeking a judgment of acquittal, and there could be no strategic reason in foregoing a motion for new trial to allow the trial court to reconsider the weight of the evidence, where the original trial court commented that the identification evidence was some of the "weakest" that judge had heard. Here, the identification evidence was overwhelming, and no reasonable judge would have exercised its discretion to grant a new trial. Thus, because any motion for new trial would have been properly denied, Appellant's trial counsel did not provide ineffective assistance of counsel. *See Hill v. State,* 839 So. 2d 865, 867 (Fla. 4th DCA 2003). We thus reject Appellant's arguments on this issue.

In Appellant's seventh ground, he argued that his attorney was ineffective for failing to object to the omission of a jury instruction on the lesser-included offense of attempted manslaughter. However, "as a matter of law, the possibility of a jury pardon cannot form the basis for a finding of prejudice under *Strickland*." *Sanders v. State*, 946 So. 2d 953, 960 (Fla. 2006). Therefore, this claim was properly denied. *See id.*

In Appellant's eighth ground, he argued that his attorney was ineffective for failing to challenge the credibility of Mr. Alford, Ms. Young, Mr. Price, and Mr. Davis. He alleged that counsel could have impeached these witnesses with their prior inconsistent statements. He also asserted that counsel failed to provide him with the deposition transcripts of these witnesses to allow him to assist in his own defense.

Appellant has failed to show a deficiency or any resulting prejudice. As discussed in ground one, each of these witnesses was thoroughly cross-examined and impeached with prior inconsistent statements made to the police, and defense counsel highlighted the inconsistencies in their testimony during closing arguments. Insofar as Appellant argued that counsel did not provide him with deposition transcripts, as discussed above, he also alleged that counsel never deposed these witnesses. Under these circumstances, this ground was properly denied.

AFFIRMED.

9

LEWIS and MAKAR, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

Tyrone B. Johnson, pro se, Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.