# First District Court of Appeal
## State of Florida

_____

No. 1D18-1877
_____

KEVIN LEE ELLIOTT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

February 27, 2019


PER CURIAM.

Kevin Lee Elliott was convicted in 2014 for the sexual battery of his sixteen-year-old stepdaughter. Following his conviction, Elliott filed a motion for postconviction relief, raising seven claims of ineffective assistance of counsel and one claim of cumulative error. The postconviction court summarily denied Elliott's claims as facially insufficient or conclusively refuted by the record. We affirm.

*Facts*

Elliott began dating the victim's mother when the victim was two years old. Elliott and the victim's mother eventually married but divorced when the victim was fourteen or fifteen years old.

After the divorce, the victim lived with Elliott due to the mother's inability to keep a job or maintain a home. One night, the victim attended a friend's party and returned home intoxicated. Elliott offered the sixteen-year-old victim an alcoholic beverage and the two drank together until the victim was "pretty wasted." The victim told Elliott that she wanted to date an older boy. Elliott advised the victim that before she would be permitted to date the boy, she had to have sex with Elliott. Elliott took the victim to his bedroom and had sex with her. The victim moved out of Elliott's home a few months later.

The victim did not divulge the incident to anyone until she was eighteen years old, when she confided in her boyfriend, Joshua Gossett. Gossett and the victim then confronted Elliott over the phone. Elliott initially denied any knowledge of the incident. Gossett and the victim made several more phone calls to Elliott. During one such phone call, the victim went into the bathroom and slit her wrists. She was subsequently hospitalized pursuant to the Baker Act.

Elliott eventually confessed to his best friend, Christopher Smith, that he had sexual intercourse with the victim after they had both been drinking, but he claimed that the sex was consensual. Around the same time, the victim disclosed the sexual battery to counselors and psychiatrists and decided to contact the police about the incident. Following an investigation, Elliott was charged with the sexual battery of a person in familial or custodial authority. In 2014, Elliott was tried by a jury and found guilty as charged. He was sentenced to thirty years' imprisonment.

In 2018, Elliott filed an amended motion for postconviction relief, which was summarily denied. This appeal follows.

*Analysis*

We review the summary denial of a postconviction motion de novo. *Flagg v. State*, 179 So. 3d 394, 396 (Fla. 1st DCA 2015). Elliott alleges multiple claims of ineffective assistance of counsel. In order to prevail on his claims, he was required to show that counsel's performance was outside of the wide range of reasonable professional assistance, and that such conduct in fact prejudiced

2

the outcome of the proceedings because without the conduct there was a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984); *Spencer v. State*, 842 So. 2d 52 (Fla. 2003). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Spencer*, 842 So. 2d at 61.

*Claim One*

Elliott argued that counsel was ineffective for failing to obtain the victim's and Gossett's cell phone records. Elliott contended that the records would show that the victim was working with Elliott on the day she disclosed the incident to Gossett, and that she and Gossett had been arguing via telephone and text message. Elliott alleged that the phone records would have supported the defense's theory that the victim lied about the sexual battery to gain sympathy from Gossett and that the victim slit her wrists because her scheme backfired when Gossett became angry with her.

The trial court properly denied this claim. The record shows that the victim's trial testimony about her encounter with Elliott was consistent with her report to police and with her disclosure to Gossett. Moreover, Elliott confessed to Christopher Smith that he had sex with the victim when she was sixteen years old. On this record, Elliott cannot establish that he was prejudiced by counsel's failure to obtain the phone records or that there is a reasonable probability that the outcome of his trial would have been different if the phone records had been admitted into evidence. *Miller v. State*, 161 So. 3d 354, 364 (Fla. 2015) (holding that "an appellate court evaluating a claim of ineffectiveness is not required to issue a specific ruling on one component of the test when it is evident that the other component is not satisfied").

*Claim Two*

Next, Elliott argued that counsel was ineffective for failing to call three witnesses. He argued that counsel should have called the victim's mother to show that the victim was in contact with Elliott before the victim told Gossett about the alleged abuse. Elliott next argued that counsel should have called Kristen

3

Nicholson to corroborate Elliott's testimony that the victim and Gossett were arguing when the victim told Gossett about the alleged sexual battery. Elliott also argued that counsel should have called Gossett's aunt because she could have testified that the victim worked with Elliott and that the victim was arguing with Gossett before she disclosed the encounter with Elliott.

The trial court properly denied this claim for relief. The record demonstrates that counsel investigated whether the victim's mother and Nicholson would present helpful testimony for the defense. The record is silent about whether he considered calling Gossett's aunt as a witness. Regardless, any testimony regarding an argument between Gossett and the victim the day she disclosed the sexual battery is a collateral matter that does not reflect on the veracity of the victim's allegations. And Elliott failed to demonstrate how presenting testimony of the three witnesses would have changed the outcome of his trial considering the victim's consistent testimony regarding the sexual battery and his own confession to a friend. Thus, this claim was properly denied. *Nelson v. State*, 875 So. 2d 579, 583 (Fla. 2004) (holding that to prevail on a claim that counsel was ineffective for failing to call a witness, the appellant must show prejudice from the omission of the witness's testimony).

*Claim Three*

Elliott alleged that counsel was ineffective for failing to call Sandra Smith, Christopher Smith's wife, as a witness. He argued that Sandra would have testified that Smith had a motive to falsely testify because Smith believed that Elliott was having an affair with her. During the cross-examination of Smith, defense counsel attempted to elicit testimony from Smith that after Smith spoke to the police about Elliott's confession, Smith learned there was a possibility that Elliott had an affair with Sandra. The prosecutor argued that this was improper character evidence, and defense counsel argued that it went to Smith's bias as a witness. But because Smith did not confront Elliott about the alleged affair until after Smith spoke with the police about Elliott's confession, the trial court ruled that this line of questioning was not relevant. Defense counsel cannot be deemed ineffective for failing to attempt to present evidence that had already been excluded by the trial

4

court – even if it was through a different witness. *Lukehart v. State*, 70 So. 3d 503, 513 (Fla. 2011) ("Counsel cannot be deemed ineffective for failing to pursue a meritless claim."). Thus, this claim was properly denied.

## *Claim Four*

Next, Elliott alleged that counsel was ineffective for failing to impeach the victim's testimony with inconsistent statements she made in a police report. However, Elliott failed to identify the allegedly inconsistent portions of the victim's statements. The conclusory nature of the claim renders it facially insufficient. *Mohr v. State*, 17 So. 3d 1249, 1249 (Fla. 2d DCA 2009). The trial court gave Elliott an opportunity to correct this pleading deficiency, but Elliott failed to do so. Thus, this claim was properly denied. *See Nelson v. State*, 977 So. 2d 710, 711 (Fla. 1st DCA 2008) ("Although a trial court in its discretion may grant more than one opportunity to amend an insufficient claim, *Spera [v. State*, 971 So. 2d 754 (Fla. 2007),] does not mandate repeated opportunities.").

## *Claim Five*

Elliott alleged that counsel was ineffective for failing to object to several instances of prosecutorial misconduct. He alleged that counsel should have objected when the prosecutor informed the jury that Elliott's girlfriend, Kristen Nicholson, was incarcerated during the summer of 2010. During opening statements, the prosecutor stated that Nicholson had been incarcerated and that a jail custodian would verify the dates of her incarceration. This information was necessary to establish the age of the victim at the time of the sexual battery. The victim testified that she knew that she was sixteen years old when the incident occurred because Nicholson was not living in the house with Elliott but was in prison at the time. Thus, Nicholson's incarceration was relevant evidence and defense counsel had no grounds to object to the presentation of the evidence. *Lukehart*, 70 So. 3d at 513.

Elliott further argued that counsel should have objected during opening statements when the prosecutor stated that

5

Joshua Gossett would testify "honestly" as this was improper bolstering. During opening, the prosecutor stated:

> She then goes to tell her boyfriend. He of course will tell you he did not take it well at all. Matter of fact, he's going to tell you himself he was angered. He was upset. He was confused because he's going to tell you honestly he had met the defendant a couple of times.

Contrary to Elliott's argument, this was not an improper statement because the prosecutor never implied that she had a reason to believe Gossett that was not presented to the jury. *See Jackson v. State*, 89 So. 3d 1011, 1018 (Fla. 4th DCA 2012) (holding that explaining why the jury should believe a witness is not an improper personal opinion about the credibility of the witness as long as the prosecutor does not suggest that she has reasons to believe the witness that were not presented to the jury). Thus, defense counsel had no grounds to object to this statement.

Next, Elliott argued that defense counsel should have objected during closing arguments when the prosecutor stated that the victim's suicide attempt was a consequence of her disclosure of the sexual battery. During direct examination, the victim testified that she slit her wrists after disclosing the incident to Gossett because she "was ashamed of what happened." During the initial closing, the prosecutor argued: "Well, ladies and gentlemen, this is something that [the victim] had festering in her for two years. It led her to a point where when she finally told her boyfriend, her release was to go and slit her wrist and be [B]aker acted." During rebuttal closing, the prosecutor argued: "[The victim's] upset because now her boyfriend knows. Now the defendant knows that she's told, spiraling to the point where she cuts herself. Again, that reality, that leap she took is all settling in."

Neither of the prosecutor's comments identified by Elliott were improper. "[T]he purpose of closing argument is to present a review of the evidence and suggestions for drawing reasonable inferences from the evidence." *Toler v. State*, 95 So. 3d 913, 917 (Fla. 1st DCA 2012) (quoting *Fleurimond v. State*, 10 So. 3d 1140, 1148 (Fla. 3d DCA 2009)). Both statements were a fair comment on the evidence that was presented through the testimony of the

6

victim. Because none of these objections would have been meritorious, defense counsel cannot be deemed ineffective for failing to make them. *Lugo v. State*, 2 So. 3d 1, 21 (Fla. 2008). Thus, the trial court properly denied this claim.

## Claim Six

Next, Elliott argued that defense counsel should have asked for jury instructions on lesser-included offenses. He argued that this failure deprived the jury of its right to exercise its pardon power. "However, 'as a matter of law, the possibility of a jury pardon cannot form the basis for a finding of prejudice under *Strickland*.'" *Johnson v. State*, 247 So. 3d 689, 697 (Fla. 1st DCA 2018) (quoting *Sanders v. State*, 946 So. 2d 953, 960 (Fla. 2006)). Thus, the trial court properly denied this claim.

## Claim Seven

Elliott alleged that counsel misadvised him regarding his right to testify in his own defense. He stated that counsel admitted it was Elliott's right to testify but strongly advised against it. Elliott alleges that based on this alleged misadvice, he did not exercise his right to testify. The record conclusively refutes this claim.

At the close of the State's case, the trial court conducted a colloquy with Elliott. Elliott testified that he intended to exercise his right to remain silent. The court went on to explain:

> THE COURT: And I assume you've had discussions with Mr. Beard. I don't need to know what they were, but that you have talked back and forth about whether to or not to testify, maybe you've had advice from family and friends, you never know.
>
> Sometimes I see people who want to testify and the lawyer thinks they shouldn't. I've seen people where the lawyer wants them to testify, and the defendant says, "I don't think I can do it." Override reasons why somebody might or not might testify. You understand and acknowledge that?

7

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And what I need to know is though that after all the conversations and considerations, advice, whatever it might be, you are making your own personal decision because it ultimately is your decision whether to decide to become a witness or not, so this decision is yours and yours alone.  You understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  And so you are making this decision freely and voluntarily to say, "I am going to stand by my Constitutional Right to remain silent," correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  All right.  That sounds good.

Elliott is not entitled to go behind his statements in the colloquy. *Kelley v. State*, 109 So. 3d 811, 812-13 (Fla. 1st DCA 2013) (holding that a postconviction motion cannot be used to go behind the defendant's sworn representations to the court).  Thus, the trial court properly denied this claim.

*Claim Eight*

Finally, Elliott argued that the cumulative effect of the alleged errors deprived him of a fair trial.  Because Elliott failed to establish that any of his claims for postconviction relief had merit, he also failed to demonstrate that any cumulative error occurred. *Schoenwetter v. State*, 46 So. 3d 535, 562 (Fla. 2010) (holding that it is proper to deny a claim of cumulative error when each individual claim of error is meritless).  Thus, the trial court properly denied this claim.

Because all of Elliott's claims were facially insufficient or conclusively refuted by the record, we affirm the trial court's summary denial of his motion for postconviction relief.

AFFIRMED.

ROWE, BILBREY, and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Kevin Lee Elliott, pro se, Appellant.

Ashley B. Moody, Attorney General, and Virginia C. Harris, Assistant Attorney General, Tallahassee, for Appellee.