# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-596

_____

DANIEL ANTOINE ISRAEL, SR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell L. Healey, Judge.

May 2, 2019

PER CURIAM.

Appellant, Daniel Antoine Israel, Sr., appeals his judgment and sentence for resisting an officer with violence, arguing that trial counsel was ineffective in failing to request a jury instruction on the lesser included offense of resisting an officer without violence. "Claims of ineffective assistance of counsel are rarely addressed on direct appeal because they normally turn on questions of fact and both sides are entitled to present relevant evidence at an evidentiary hearing." *Barnett v. State*, 181 So. 3d 534, 536 (Fla. 1st DCA 2015). In order to prevail on an ineffectiveness claim on direct appeal, an appellant must demonstrate "'ineffectiveness on the face of the record, indisputable prejudice, and an inconceivable tactical explanation for the conduct.'" *Id.* (citation omitted).

Appellant has failed to establish any of the necessary elements to prevail on his claim. Given the evidence presented at trial of the violence Appellant used in resisting the officers who were attempting to take him into custody, ineffectiveness has not been shown on the face of the record. Nor has indisputable prejudice been established. *See Sanders v. State*, 946 So. 2d 953, 960 (Fla. 2006) (holding that "the possibility of a jury pardon cannot form the basis for a finding of prejudice" under *Strickland v. Washington*, 466 U.S. 668 (1984), and that "a claim alleging ineffective assistance of counsel for failure to request an instruction on a lesser-included offense may be summarily denied); *see also Johnson v. State*, 247 So. 3d 689, 697 (Fla. 1st DCA 2018) (citing *Sanders* for the proposition that as a matter of law, the possibility of a jury pardon cannot form the basis for a finding of prejudice under *Strickland*). Appellant has also failed to show an inconceivable tactical explanation for why trial counsel did not request the instruction at issue. Instead, Appellant acknowledged in his reply brief that it was plausible that trial counsel hoped for a full exoneration given the fact that Appellant was a wounded veteran.

Accordingly, we affirm Appellant's judgment and sentence.

AFFIRMED.

B.L. THOMAS, C.J., and LEWIS and ROBERTS, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Greg Caracci, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daniel Krumbholz, Assistant Attorney General, Tallahassee, for Appellee.